Gerdes *v.* Booth & Flinn, Ltd., Appellant.

Argued March 19, 1930. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.

*Simon T. Patterson,* with him *Wallace, Patterson & Collin,* for appellant.—There is no evidence of negligence in the case: Gaupin v. Murphy, 295 Pa. 214; Swift v. Corrado, 292 Pa. 543; Dorris v. Bridgman & Co., 296 Pa. 198; Howell v. Transit Co., 94 Pa. Superior Ct. 449.

The doctrine of res ipsa loquitur cannot be extended in this case: Farrell v. Solski, 278 Pa. 565; Gavin v. Telephone Co., 87 Pa. Superior Ct. 276; Otis v. Kolsky, 94 Pa. Superior Ct. 549; Flanigan v. McLean, 267 Pa. 553.

The evidence did not exclude other probable causes of the accident for which defendant would not be liable: Erbe v. Transit Co., 256 Pa. 567; Simpson v. Jones, 284 Pa. 596.

*Thomas M. Marshall,* of *Marshall & Marshall,* for appellee.

OPINION BY MR. JUSTICE FRAZER, April 14, 1930:

The appeal here is from refusal of the court below to enter judgment n. o. v. for defendant in an action in trespass to recover damages for personal injuries sustained by plaintiff through alleged negligence of defendant. The jury returned a verdict for plaintiff in the sum of $7,000, which was reduced by the court to $5,000, which amount was accepted by appellee. The

undisputed facts are that Gerdes, a motor truck driver, had brought his vehicle to a stop, parallel with and close to the curb on a public thoroughfare in the City of Pittsburgh, and had mounted the end-gate of the truck, to deliver an order of meat to a customer. While in this position defendant's motor truck, driven by an employe, followed a street car, a few feet to its rear. Doubtful if sufficient clearance was provided for the trolley car to pass the parked vehicle of plaintiff, the conductor stopped his car before reaching the truck, and with himself and plaintiff, the latter still on the end-gate, watching carefully, the trolley car was moved through the open space, slowly and safely. Defendant's truck, traveling behind the street car, came to a standstill as soon as the trolley car stopped, and as the former moved forward and passed the parked vehicle, defendant's driver proceeded to drive through the limited space. The front part of his truck passed the rear end of plaintiff's truck safely, but the rear wheel collided heavily with the rear wheel of plaintiff's truck, throwing Gerdes to the ground, seriously injuring him. No charge of contributory negligence is made against plaintiff, but defendant claims the jury found from the mere fact of the accident that there was negligence on the part of defendant, although there was no evidence tending to show negligence on the part of defendant's driver.

It is true, as the court below found, the evidence did not disclose the exact cause of the collision of the wheels of the two trucks, it did, however, reveal that the impact was strong; that the clash was heard by witnesses in near-by buildings; that plaintiff was thrown heavily to the ground from the end-gate of his truck and that the force of the impact moved his vehicle several inches away from the curb, along which it was closely parked. The front wheel of defendant's truck passed without hitting the other truck, and appellant's counsel strenuously argue that defendant's driver had no reason to

anticipate his rear wheel would strike defendant's motor, after the front part had passed without hindrance.

We have at no time departed from the ancient principle, advanced by appellant, that generally a person cannot be charged with negligence because he failed to anticipate unforeseen or unusual circumstances or occurrences. That would be a sufficiently sound contention here, if the record of the case before us did not disclose, as it does, circumstances attending the accident and also actions by defendant's driver, immediately previous to and at the moment of the collision, clearly showing that, at the instant the street car started to pass the parked truck, a situation was created which rendered imminently possible a collision by defendant's truck with plaintiff's, if the former proceeded to follow the trolley car; a possibility that defendant's driver could easily foresee, but which he ignored. Counsel for defendant, in holding in their printed argument that there "is no evidence whatever on the part of the plaintiff as to any act of omission or commission on the part of defendant's driver," they disregard a most obvious, and at the same time, a most important act of omission by defendant's driver, as proved by his own testimony, the performance of which act, as an experienced driver, he must have been aware was highly needful, under the existing circumstances. He omitted,—and omission in this instance is the neglect to perform what the law requires,—during his act of driving immediately before the accident, to exercise ordinary and proper care to avoid a collision, which the actions of both the conductor of the street car and of plaintiff himself plainly showed was liable to happen. He, defendant's truck driver, testified he was moving ten feet behind the trolley car, which stopped when it reached plaintiff's vehicle standing on the right-hand side of the street, and that he also stopped his truck. Then he saw, as he further testified, that "the conductor opened the doors [of the street car] and looked out of the doors

to see if he could pass the Armour truck [plaintiff's car] and he just barely more than passed it, against the rear end of his truck. Mr. Gerdes [plaintiff] gave the motion for the street car to go ahead. Well, I came next, I was right behind his car." It may certainly be believed, and the jury could well believe, that a driver under such threatening circumstances, would, as a most natural observation, see the possibility of his colliding with the parked truck, and at once drive sufficiently to the left side, to pass plaintiff's truck at ample distance to avoid striking it. He was driving upon the street car tracks and observed the great care exercised by the trolley conductor to keep clear of the parked truck. One of defendant's witnesses, a mounted patrolman, testified that there was a clearance of "about four inches" between the trolley and the stationary truck. Yet defendant's driver proceeded forward upon the car tracks and made no effort to turn aside to the left, away from the truck he intended to pass; notwithstanding, as he testified, he could have swung over to the left "half a foot or so," without interfering with traffic on his left. And he failed to make that obviously necessary deflection because, as he said, "I really didn't think it was going to catch him. I had drove it before." In other words, having seen the street car edging slowly and cautiously past and almost grazing plaintiff's truck, without himself taking similar precaution, or moving slightly to the left, he deliberately assumed the risk of a collision. He had a conspicuous warning in time; the prudently slow action of the trolley car was ample demonstration that a situation existed immediately in front of him which required, upon his part, equally cautious and effective care as he neared plaintiff's truck. He omitted to take precaution, but drove ahead, mentally weighing, as his testimony shows, the chances of passing safely, and concluded to try it, regardless of a danger which a man acting prudently would have considered imminent, or at least probable. There were no unseen circumstances or

situation before him; all was open to his view. When there is danger of an injury to the person or property of one through the act or omission of another, the latter is under a duty to use reasonable care to avoid such injury: 45 C. J. 645; and, further, on page 657: "it is not necessary, in order to enforce this duty, that injury should be inevitable; that the danger thereof should be great, or even that the chances of injury should exceed the chances of absence of injury; but it is sufficient that the injury is likely or reasonably probable."

The negligence of defendant's driver was the initial and primal cause of the collision; for, from the instant he started his truck ten feet behind the street car, an element of danger arose in the situation; and as he proceeded onward, without needful precautionary acts, to pass by the parked truck, beyond which the street car had edged so closely, the danger of a collision became apparent, and in this situation he was as likely to hit the truck with his front wheel as with the rear one. He was emboldened by his mental survey of the situation to assume that whatever risks there were, he could escape them. He "didn't think," he would collide with the truck, and, therefore, "didn't think" it was necessary to take ordinary care. We are fully in accord with the following decisive words of the learned court below: "The defendant's argument in favor of judgment n. o. v. is that there is no evidence from which a jury could do more than guess how this accident occurred. We do not concur in the opinion of counsel for the defendant in that respect. While the testimony is very meagre on this subject of the accident, there is sufficient evidence here that there was no occasion for the driver of defendant's truck in taking any chances on the question of hitting this Armour truck. He could have pulled out of the street car track, in which he was driving, sufficiently to allow no question to exist as to whether he was in danger of hitting the Armour truck or not."

The several assignments of error presented by appellant, directed against the refusal to enter judgment n. o. v., the disposal of exceptions, the refusal to set aside the verdict, and the entry of final judgment, are overruled. The order of the court below stipulating the acceptance by plaintiff of a decreased amount of the damages awarded by the jury, was within its discretion. Whatever extent the jury, in the opinion of the court, had abused its power in making the award, was remedied by the reduction to a lesser sum: Knobeloch v. Pgh., H., B. & N. C. Ry. Co., 266 Pa. 140; Martin v. Letter, 282 Pa. 286; Goldman et al. v. Mitchell-Fletcher Co., 285 Pa. 116. The case was clearly for the jury.

The judgment of the court below is affirmed.