AMERICAN KITCHEN FOODS, INC.

v.

HERSCH COLD STORAGE COMPANY, Paul J. Seligson, Erie Farms Incorporated, Security Peoples Trust Company and Sky Brothers Company.

Civ. A. No. 75–137 Erie.

United States District Court, W. D. Pennsylvania.

April 11, 1978.

Peter G. Schaaf, William R. Brown, Erie, Pa., for defendants Sky Bros. and Security Peoples.

Theodore B. Ely, Bruce W. Bernard, Erie, Pa., for plaintiff.

## MEMORANDUM AND ORDER

WEBER, Chief Judge.

Defendants Security Peoples Trust Company and Sky Brothers Company have moved for reconsideration of our partial summary judgment order of August 10, 1977, and, for leave to enlarge the record.

■ We did not discuss the applicability of § 2–326 of the Pennsylvania Uniform Commercial Code because it was not advanced in Defendant's Supplemental Brief or in the final oral argument on the motion. However, a partial summary judgment is not final, unless so certified. The order is subject to reconsideration until final judgment is entered.

■ However, the facts do not call for application of § 2–326. § 2–326(3) provides that "where goods are delivered to a person . . . under a name other than the name of the person making delivery." The facts here are otherwise. The goods were supplied to the warehouse in the name of the consignor.

As to defendants' arguments with respect to the Court's conclusions we can only respond that, until now, defendants had produced no evidence which would be admissible in a plenary trial of this action to create a genuine issue of fact between plaintiff and defendants. There is nothing in the record produced before us which shows any participation of the plaintiff in the fraud employed by Seligson and Erie Farms Incorporated against Security Peoples Trust.

■ We completely fail to understand how the theory of unitary business enterprise can apply to bar plaintiff's claim here. A unitary enterprise finding is one which prevents a debtor from using the fiction of a separate corporation to shield the real owner of an enterprise or a related corporation from liability. It is never applicable to bar a creditor from asserting his rights. Defendants here rely on the activities of Seligson in mingling the business of Erie Farms, Inc. and Hersch Cold Storage to bar a creditor. It is a strange turn of events that defendants rely on the fraud perpetrated by Seligson to attempt to bar plaintiff's claim.

Defendants claim that a jury should be given the opportunity to pass on the whole range of facts that they allege in support of their objection. However, in a plenary trial of the issue we would not find any of these facts material, and, they would not be admissible as against the claim of plaintiff to a bailment.

Plaintiff claims the court engaged in impermissible fact finding, in particularly, by concluding that " 'HCS' (Hersch Cold Storage) leased the entire facility (eight story refrigerated building) to EFI (Erie Farms, Inc.), excepting the top two floors which were used by HCS cold storage." Opinion p. 2. Defendants claim this statement to be in error and a "critical factual conclusion(s)."

In support of this contention, defendants cite *First Camden Bank & Trust Co. v. J. R. Watkins Co.,* 122 F.2d 826 [3d Cir. 1941]. This case has been brought to the court's attention for the first time in defendants' brief in support of their Motion for Reconsideration. We feel it does not support defendants' claim as to the existence of a material fact.

In *Camden* the Court of Appeals reversed a judgment for plaintiff and remanded the action to the district court, finding that non-negotiable warehouse receipts issued by a warehouseman to plaintiff bank for goods not in possession of the warehouseman cre-

ated nothing more than a claim against the issuer of the receipts. A lease arrangement rather than a bailment had been entered into by the parties. Defendants claim that the great weight of evidence shows that EFI "leased" all of the refrigerated storage building from HCS and because a lease arrangement was created, *Camden* is controlling.

No copy of a formal lease has been submitted to the Court in support of this claim. We doubt that any such lease existed. The only documentation of a lease arrangement between HCS and EFI is found in invoices from HCS to EFI for "rent" totalling over $13,000/month.

The deposition excerpts submitted by defendants in support of their Motion for Reconsideration show that even if the Court erred in stating the exact amount of space occupied by EFI in the refrigerated storage building, at no time did EFI view the lease arrangement as giving it the "exclusive possession" which would be required if we found *Camden* controlling. See, Seligson Deposition, 10/25/76, p. 18. EFI rented space "as needed". The rental obligation was not fixed according to actual, fixed space but was determined on the basis of HCS' needs in order to continue as a solvent and self-sufficient business entity. Seligson Deposition, *supra.*

In *Camden,* the warehouseman, Bailey, issued non-negotiable warehouse receipts to plaintiff bank as security for a loan from plaintiff to one Limbert, who stored beans in Bailey's warehouse. The arrangement between Bailey and Limbert was not a bailment but a lease transaction—Limbert having exclusive control of a floor in Bailey's warehouse except for the right of inspection and repair. The lease was in the ordinary form of real estate leases. When Limbert later sold a portion of the beans to defendant, who had received and paid for them in good faith, plaintiff sought to take possession of the beans supposedly represented by the warehouse receipts. The Court of Appeals found that the warehouse receipts gave nothing to plaintiff other than a claim against the issuer because a

lease arrangement rather than a bailment was created. "Limbert, in possession of goods which he owned, sold them to defendant, who paid for them." *Camden,* p. 828. Limbert's title was good and defendant could not be made to pay again for the goods.

Here, unlike *Camden* we have a bailment situation. American Kitchen Foods (AKF) delivered goods to HCS for storage and did not retain possession of them. No lease was created. The warehouse receipts issued by HCS are valid, representing property in HCS' possession, and protect AKF's interest in the bailed property. In *Camden,* Limbert never gave Bailey possession of the beans therefore the warehouse receipts issued by Bailey with respect to those beans were invalid.

Because *Camden* is factually distinguishable from the present action, we do not deem any dispute of fact with respect to the actual floor space occupied by EFI to be material and preclude the entry of summary judgment.

Defendants also move for leave to enlarge the record upon which we entered partial summary judgment. In support of the motion defendants offer the affidavit of a certified public accountant who performs auditing and management consulting functions in the food distribution trade. We assume the affidavit purports to establish AKF's violation of a standard of commercial reasonableness under these circumstances; estopping AKF from asserting the benefits of any existing warehouse arrangement.

At the present time we express no opinion with respect to the effect of defendants' proposed affidavit on our earlier grant of summary judgment. Before considering whether the evidence contained in the affidavit precludes entry of summary judgment we must determine the propriety of enlarging the record upon which we based the entry of summary judgment.