411 A.2d 525

Jennie ST. CLAIR, trustee ad litem, Appellant,

v.

B & L PAVING COMPANY.

Jennie ST. CLAIR, Administratrix of the Estate of Arthur L. St. Clair, Appellant,

v.

B & L PAVING COMPANY and B & L Asphalt Industries, Inc.

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Oct. 5, 1979.

David T. Mojock, New Castle, for appellant.

John W. Hodge, New Castle, for appellees.

Before CERCONE, President Judge, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

The lower court granted appellees' motion for summary judgment upon its finding that no issue of fact as to negligence existed because appellees owed no duty to appellant's decedent. We agree with appellant's contention that the court below erred in its decision and, accordingly, we reverse and remand.

Appellee, B&L Asphalt Industries, Inc. (Asphalt) contracted with the Commonwealth of Pennsylvania to repave the travelled portion of a section of Maitland Lane, a public road. Asphalt then orally subcontracted with appellee B&L Paving Company (Paving) to apply the material supplied by Asphalt to the road surface. On June 22 and 23, 1970, Paving resurfaced Maitland Lane. On June 24, 1970, the contractors removed the warning signs which they had erected while working on the road. The resurfacing created a drop-off of approximately six inches from the road surface to the berm or shoulder of the road. On June 27, 1970, appellant's decedent, Arthur St. Clair, was driving on Maitland Lane when the right wheels of his vehicle dropped off the road surface onto the berm. Apparently in attempting to return his vehicle to the road, St. Clair lost control of the car, crossed the center line of the road, and collided with a vehicle travelling in the opposite direction. Arthur St. Clair died as a result of the crash. Appellant, administratrix of the estate of Arthur St. Clair, brought wrongful death and survival actions against appellees. The court below granted

appellees' motion for summary judgment, concluding that appellant had not alleged a breach of duty because the complaint contained no allegation of failure of appellees to perform to the contract specifications.

■ Those who undertake an activity pursuant to a contract have both a self-imposed contractual duty and a "social" duty imposed by the law to act without negligence. *Bisson v. John B. Kelly, Inc.*, 314 Pa. 99, 170 A. 139 (1934). This social duty extends to persons who, although strangers to the contract, are "within the forseeable orbit of risk of harm." *Doyle v. South Pittsburgh Water Co.*, 414 Pa. 199, 207, 199 A.2d 875, 878 (1964); *Printed Terry Finishing Co. v. City of Lebanon*, 247 Pa.Super. 277, 372 A.2d 460 (1977). More specifically, our courts impose a duty "on any person who on behalf of the possessor of *land* negligently creates an artificial condition resulting in injury to others; and this, regardless of whether the contractor has surrendered possession of the land and his work has been accepted." *Prost v. Caldwell Store, Inc.*, 409 Pa. 421, 187 A.2d 273 (1963) (emphasis in original); Restatement (Second) of Torts § 385 (1965).

Applying these principles in a case virtually identical factually to the case at bar, the Court of Common Pleas of Allegheny County, per SILVESTRI, J., held that after completion of resurfacing work on a public highway, performed pursuant to a contract, the construction contractor continues to owe a legal duty to the users of the highway. *Hajel v. Burrel Construction & Supply Co.*, 122 P.L.J. 82, aff'd per curiam, 228 Pa.Super. 792, 315 A.2d 278 (1974). The court in *Hajel* stated that "[t]he fact that an independent contractor may fulfill his contractual duty to his employer *without negligence* does not relieve him of liability to third persons if the fulfillment of his contractual duty results in the creation of a dangerous condition." 122 P.L.J. at 84 (emphasis added). Moreover, the court found that the duty of the Commonwealth to warn the public or to repair the berm was irrelevant to the defendant's duty because the defendant created a condition which it knew to be dangerous and, therefore, could not avoid its duty by citing the negligence

of another. The court therefore denied the contractor's motion for judgment N.O.V.

■ In the case at bar, appellant argues that, based on the *Hajel* decision, *supra*, she is entitled to present her case to a jury for determination. Appellees in this case, as in *Hajel*, entered onto land possessed by the Commonwealth and performed a road resurfacing contract, leaving the road surface dangerously elevated above the berm. They therefore owed a duty to third persons over and above compliance with the contract provisions despite the fact that they had properly performed the contract and their performance had been accepted. The duty owed by the Commonwealth to the motoring public does not eliminate the duty owed by appellees. Whether appellees breached their duty is a question for the finder of fact. Because an issue of material fact thus exists in this case, the motion for summary judgment was improperly granted. *See Schacter v. Albert*, 212 Pa.Super. 58, 239 A.2d 841 (1968). For the forgoing reasons we agree with appellant's contention and accordingly reverse the order of the court below and remand the case for further proceedings in accord with this opinion.

Reversed and remanded for further proceedings in accord with this opinion.