420 A.2d 758

Donna L. HEATH, Administratrix of the Estate of Larry
M. Heath, Deceased,

v.

HUTH ENGINEERS, INC., Lancaster Area Sewer Authority
and Environmental Utilities, Inc., Appellants.

Superior Court of Pennsylvania.

Argued Dec. 3, 1979.

Filed June 27, 1980.

Petition for Allowance of Appeal Denied Oct. 7, 1980.

Christopher S. Underhill, Lancaster, for appellants.

William A. Atlee, Jr., Lancaster, for Heath, appellee.

Kathleen Gray, Lancaster, for Lancaster Area Sewer Authority.

Lewis H. Markowitz, York, will not file a brief on behalf of Environmental Utilities, Inc.

Before HESTER, MONTGOMERY and CIRILLO, JJ.*

CIRILLO, Judge:

This is a wrongful death and survival action in which the jury returned a total verdict of $205,000.00 against the appellants. All appellants filed Motions for Judgment N.O.V. and for a New Trial, and all motions were denied by the Court below. All three appellants have appealed to this Court.

Appellee's decedent (Heath) was killed when a trench in which he was working collapsed. Heath was an employee of Environmental, a sewer construction contractor. Environmental was installing sewer lines for Lancaster Area Sewer Authority (LASA) pursuant to a contract. Huth was LASA's consulting engineer on the sewer project pursuant to a contract between Huth and LASA. Heath and other workmen were in the process of digging a lateral trench. when it collapsed and buried him. The lateral was not braced or shored against collapse, which lack of bracing or

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

shoring violated both state and federal safety laws. An employee of Huth was present at the scene, his specific assignment having been to inspect the progress of construction.

■ The liability of Huth was predicated on two theories, (1) that Heath was the beneficiary of the contract between Huth and LASA and (2) that Huth was liable under Section 324(a) of the Second Restatement of Torts which provides that, "One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." It is clear that Huth was properly found liable under either theory. The contract between Huth and LASA provided that Huth was to supervise the work, periodically inspect it, and assist in safeguarding the owner against defects and deficiencies on the part of the contractors. Huth was clearly negligent under the evidence for failure to properly supervise the job and inspect the work pursuant to its contract. Huth's liability under Section 324(a) is clear under the evidence in its failure to exercise reasonable care. Huth's motions were properly denied by the Court below.

■ The liability of LASA is predicated on Section 416 of the Second Restatement of Torts, which provides: "Work Dangerous in Absence of Special Precautions. One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in

the contract or otherwise." Section 416 has been adopted as the law of Pennsylvania: *Philadelphia Electric Company v. James Julian, Inc.*, 425 Pa. 217, 228 A.2d 669 (1967). Section 416 imposes liability upon an employer regardless of control, the theory being that an employer hiring an independent contractor to do particularly dangerous work ought not to be allowed to insulate himself from liability. Clearly, LASA was properly held liable under Section 416, and its motions were properly dismissed.

The liability of Environmental need not be considered by this Court since it has been informed by Environmental that it filed an appeal only to preserve rights of indemnification, and that matter has been amicably resolved between LASA and Environmental.

The orders of the court below are hereby affirmed.