**PURITAN INSURANCE COMPANY**

v.

**CANADIAN UNIVERSAL INSURANCE CO., LTD. d/b/a Canadian Universal Insurance Co., Inc.**

**Civ. A. No. 83–1490.**

United States District Court,
E.D. Pennsylvania.

May 29, 1984.

of that agency's inaction for six months following the submission of the claim. 28 U.S.C. § 2675(a).

Lawrence M. Silverman, Joel D. Rosen, Philadelphia, Pa., for plaintiff.

Stephen Cozen, Robert Myers, Robert Reeder, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This case involves claims by plaintiff, an excess liability insurance carrier, against defendant, a primary liability insurance carrier. Presently before the court is the defendant's motion for summary judgment on Count I of the complaint and dismissal of Counts II and III of the complaint. For the reasons stated herein the motion will be denied.

## I. FACTS

During the time period relevant to this case defendant, Canadian Universal Insurance Company ("primary insurer"), provided Northwest Engineering Company (hereinafter referred to as the "insured") with

liability insurance up to Five Hundred Thousand Dollars ($500,000.00). During the same time period plaintiff, Puritan Insurance Company ("excess insurer"), provided the insured with excess liability insurance of Five Million Dollars ($5,000,000.00).

In December 1979, a product liability suit was filed against the insured by Ricky Donahue (hereinafter referred to as the "injured party"). In his complaint the injured party claimed he had suffered severe injuries as a result of having been struck by the boom of a crane manufactured by the insured. The trial judge had suggested that a settlement for Six Hundred Thousand Dollars ($600,000.00) would be appropriate but this was not agreed to and the case was tried before a jury which found in favor of the injured party and awarded damages in the amount of One Million Four Hundred Thirteen Thousand One Hundred Fifty-Two Dollars and Thirty-Five Cents ($1,413,152.35). After defendant tendered its primary policy limit of Five Hundred Thousand Dollars ($500,000.00), plaintiff effected a settlement from its excess coverage for One Million Three Hundred Seventy-Five Thousand Dollars ($1,375,000.00) and paid to the injured party the remaining Eight Hundred Seventy-Five Thousand Dollars ($875,000.00).

Plaintiff then filed the instant lawsuit against defendant seeking to recover its Eight Hundred Seventy-Five Thousand Dollars ($875,000.00) contribution. Plaintiff has set forth two theories of recovery.

The first theory (Count I) is that of equitable subrogation. Plaintiff claims that, upon payment of its excess liability, protection due its insured, it became equitably subrogated to any rights which the insured has against the primary insurer, including a cause of action for wrongful failure to settle. Defendant does not dispute this theory but rather, insists that plaintiff, as the insured's equitable subrogee, is barred from recovering under this theory because: 1) the injured party never made a settlement demand; and 2) the insured insisted that there was no liability and that the case be tried.

As its second theory of recovery (Count II) plaintiff asserts that defendant, through its negligence and bad faith with regard to settlement possibilities, caused plaintiff to suffer injury in the form of payment of the excess liability. Defendant moves to dismiss this claim arguing that the claim fails to state a claim upon which relief can be gr nted since it, as a primary insurer, does not owe a direct duty to plaintiff which is an excess insurer.

Defendant also seeks to dismiss a claim by plaintiff for punitive damages (Count III) arguing that: 1) the allegations of the complaint are insufficient to support such a claim; and 2) punitive damages are not available because the complaint fails to allege any cognizable cause of action in tort.

## II. DISCUSSION

### A. *Summary Judgment on Count I*

Defendant's initial argument in support of its motion for summary judgment on Count I is that there can be no wrongful failure to settle because the injured party never made a settlement demand. Since research by the parties and the court has failed to reveal any Pennsylvania court decision on point, this court must determine how the Pennsylvania courts would resolve the question of whether a settlement demand by an injured party is a prerequisite to a cause of action for wrongful failure to settle brought by an excess insurer, as an insured's equitable subrogee, against a primary insurer.

 In the context of an insured suing an insurer for wrongful failure to settle, some courts have stated that an insurer has no duty to solicit or make an offer of settlement and thus cannot be sued for wrongful failure to settle absent a demand for settlement by the injured party. *See Cheek v. Agricultural Insurance Company of Watertown, New York,* 432 F.2d 1267 (5th Cir.1970) (applying Florida law); *Cotton States Mutual Insurance Company v. Fields,* 106 Ga.App. 740, 128 S.E.2d

358 (1963). The better view, however, is that the insurer has an affirmative duty to explore settlement possibilities. *See Moutsopoulos v. American Mutual Insurance Company of Boston*, 607 F.2d 1185, 1188 (7th Cir.1979) (under Wisconsin law insurer must actively pursue a settlement within the policy limits); *Coleman v. Holecek*, 542 F.2d 532, 537 (10th Cir.1976) (duty of insurer to settle under law of Kansas does not hinge on existence of offer from injured party); *Rova Farms Resort, Inc. v. Investors Insurance Company of America*, 65 N.J. 474, 493, 323 A.2d 495, 505 (1974) (under New Jersey law an insurer must take initiative and attempt to negotiate a settlement within policy's limits); 7C J. Appleman, *Insurance Law and Practice* § 4711 (1979). This court determines that the Pennsylvania courts, if given the opportunity, would rule that in the context of insured versus insurer for wrongful failure to settle a demand by an injured party is not a prerequisite.[1]

 Applying this rule to this case where an excess insurer, as an insured's equitable subrogee, is suing a primary insurer for wrongful failure to settle, the court reaches the same conclusion. An excess insurer who has discharged an insured's liability is equitably subrogated to the insured and stands in the shoes of the insured. *See Valentine v. Aetna Insurance Co.*, 564 F.2d 292 (9th Cir.1977). Thus, the absence of a settlement demand from an injured party does not bar an excess insurer, as an insured's equitable subrogee, from suing a primary insurer for wrongful failure to settle.

Defendant's second argument in support of its motion for summary judgment on Count I is as follows: 1) the insured, prior to the trial of the suit brought by the injured party, insisted that there was no liability and that the case should be tried; 2) due to this pretrial conduct the insured would be precluded from recovering from the primary insurer for wrongful failure to settle; 3) thus, plaintiff, as the insured's equitable subrogee, is also precluded from recovering from the primary insurer for wrongful failure to settle.

 While some courts might agree with defendant's statement that the insured, by its own conduct, would be barred from recovering from the primary insurer for wrongful failure to settle, *see Jackson v. St. Paul-Mercury Indemnity Co.*, 339 F.2d 40 (6th Cir.1964) (applying Michigan law); *Eklund v. Safeco Insurance Company of America*, 41 Colo.App. 96, 579 P.2d 1185 (1978), the only reason for agreement would be application of the theory of equitable estoppel. *See* 7C J. Appleman, *Insurance Law and Practice* § 4712 (1979). Under Pennsylvania law, however, in order for a party to use estoppel as a defense that party must show that it was induced by and reasonably relied on an act or representation by the party sought to be estopped. *Santos v. Franklin*, 493 F.Supp. 847 (E.D.Pa.1980); *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 457 A.2d 502 (1983). Moreover, an act which is the result of a party's own will or judgment rather than the result of what another represented cannot be a basis for equitable estoppel in Pennsylvania. *See Paris Construction Co. v. Research-Cottrell, Inc.*, 451 F.Supp. 938 (W.D.Pa.1978); *American Kitchen Foods, Inc. v. Hersch Cold Storage Co.*, 435 F.Supp. 1127 (W.D.Pa.1977), on reconsideration, 449 F.Supp. 34 (W.D. Pa.1978); *Tallarico Estate*, 425 Pa. 280, 228 A.2d 736 (1967).

 In this case the defendant, which under the policy had complete control of the administration of the claims against the

---

1. In reaching the above conclusion the court also takes note of Rule 238 of the Pennsylvania Rules of Civil Procedure which provides for delay damages in a personal injury action where ultimate recovery exceeds 125% of a written settlement offer made by a defendant. *See* Pa.R.Civ.P. 238. The purpose of Rule 238 is to encourage prompt and equitable settlement of claims by enforcing *on defendant* an obligation to engage in settlement negotiations. *See Renner v. Lichtenwalner*, 513 F.Supp. 271 (E.D.Pa. 1981); *Laudenberger v. Port Authority of Allegheny County*, 496 Pa. 52, 436 A.2d 147 (1981), appeal dismissed sub nom. *Bucheit v. Laudenberger*, 456 U.S. 940, 102 S.Ct. 2002, 72 L.Ed.2d 462 (1982).

insured, could not have reasonably relied on the insured's statements as to liability in deciding to try the case.[2] An insurer has an independent duty to investigate claims against its insureds and determine for itself whether the claims have merit. Additionally, the trial, as opposed to settlement, was the result of defendant's own judgment since it was defendant which was empowered under the policy to make the decision as to the proper method for handling claims against the insured. Thus, the fact that the insured made statements to the defendant regarding the merits of the claim against the insured will not be a bar to a suit by plaintiff, as the insured's equitable subrogee, against defendant for wrongful failure to settle the claim against the insured.

### B. *Motion to Dismiss Count II*

In its motion to dismiss Count II of the complaint defendant argues that it, as a primary insurer, owes no direct duty to an excess insurer and therefore plaintiff, as an excess insurer, cannot maintain a negligence or bad faith cause of action against defendant.

■ Although defendant is correct in stating that a duty must exist before a party can sue for a breach of that duty, *see Wright v. Federal Machine Co., Inc.,* 535 F.Supp. 645 (E.D.Pa.1982); *Lesnefsky v. Fischer & Porter Co., Inc.,* 527 F.Supp. 951 (E.D.Pa.1981), defendant errs in concluding that it, as a primary insurer, does not owe a duty of care to plaintiff, an excess insurer. In Pennsylvania it is fundamental that where there is danger of injury to person or property of another, one is under a duty to use reasonable care to avoid the occurrence of such injury. *See Gerdes v. Booth & Flinn, Ltd.,* 300 Pa. 586, 150 A. 483 (1930). Moreover, a duty to use reasonable care does not arise only when one is in a privity relationship with another but rather, arises when the wrongdoer could have anticipated and foreseen the likelihood of harm to another or another's property. *See Bradshaw v. Rawlings,* 612 F.2d 135 (3d Cir.1979), *cert. denied, Borough of Doylestown v. Bradshaw,* 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261 (1980); *McNello v. John B. Kelly, Inc.,* 283 F.2d 96 (3d Cir.1960).

■ In this case, where defendant was aware that plaintiff was the insured's excess insurer, defendant owed a duty to plaintiff which required defendant to refrain from acting in a manner which would unnecessarily and unreasonably subject plaintiff and its assets to a claim by the injured party. Whether defendant did or did not refrain from acting in such a manner is a question for the jury. Thus, defendant's motion to dismiss Count II will be denied.

### C. *Motion to Dismiss Count III*

■ Defendant argues that plaintiff's claim for punitive damages should be dismissed for two reasons. Firstly, defendant argues that the allegations in the complaint are insufficient to support a claim for punitive damages. Secondly, defendant claims that plaintiff is not entitled to recover punitive damages since plaintiff has failed to successfully allege a tort cause of action.

Assuming as true plaintiff's allegation in Count III that defendant willfully and recklessly failed to attempt settlement, the allegation is sufficient at this time to support a claim for punitive damages. Additionally, plaintiff has successfully set forth an independent tort cause of action, i.e. negligence, upon which punitive damages could be awarded if defendant's conduct was such as to justify punitive damages. Thus, defendant's motion to dismiss Count III of the complaint will be denied.

An appropriate Order will be entered.

---

**2.** There is no evidence that the insured was an expert in products liability litigation. Even if such was the case, this court determines that reliance on an expert is only one factor in determining whether an insurer should be liable

for wrongful failure to settle a claim. As one commentator has stated: "It is the insurer ... who is a professional risk bearer and expert...." 7C J. Appleman, *Insurance Law and Practice* § 4712 (1979).