504 A.2d 332

**Raymond E. HESS and Diane R. Hess, Appellants,**

v.

**FUELLGRAF ELECTRIC COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1985.

Filed Jan. 24, 1986.

236

Richard W. Epstein, Sharon, for appellants.

Lee C. McCandless, Butler, for appellee.

Before CAVANAUGH, BROSKY and WATKINS, JJ.

WATKINS, Judge:

This is an appeal from the judgment entered November 14, 1984, in the Court of Common Pleas of Butler County, Civil Division, granting appellee-defendant's Motion for Summary Judgment.

On July 26, 1979, the appellant Raymond E. Hess, was employed as an ironworker by Ferguson Steel Erectors and was installing covers on the conveyors at a coal processing plant located at Branchton, Butler County, PA. Fuellgraf

Electric Co. was the electrical contractor for the coal processing plant and their job was installing electrical safety devices. The appellant was standing on a conveyor belt and installing a turncover hood on an adjoining conveyor belt. Without any audible or visual warning, the conveyor belt on which the appellant was standing went into motion causing the appellant to fall into an angle iron running across the top of the conveyor in which he was drawn under, then thrown into a metal bin, thus, being seriously injured.

Subsequently, appellant-plaintiffs filed suit against appellee-defendant for personal injuries arising from this industrial accident. Appellee's motion for summary judgment was granted and this timely appeal followed.

The appellants present one question on appeal: Whether the court below erred in granting appellee's motion for summary judgment.

In *Schacter v. Albert*, 212 Pa.Superior Ct. 58, 239 A.2d 841 (1968), this Court set forth the rules to be followed in passing upon a Motion for Summary Judgment:

On motions for summary judgment, the Court must consider the entire setting of the case and all of the papers that are included in the record. One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact. The Court must consider both the record actually presented and the record potentially possible at the time of trial. A hearing on a motion for summary judgment is not a trial on the merits, and the Court on such motion should not attempt to resolve conflicting contentions of fact. The Court is to accept as true all well pleaded facts in the plaintiff's pleadings as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom. The record must be examined in the light most favorable to the non-moving party. In passing upon a motion for summary judgment it is not part of the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a

genuine issue as to material fact must be resolved against the party moving for summary judgment. A party should not be deprived of an adequate opportunity to fully develop his case by witnesses and a trial, when the issues involved make such procedure the appropriate one. It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts. Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment. (citations omitted) 239 A.2d at 843.

In the instant case, the trial judge ruled that the appellee, a subcontractor, did not install pull chains or audible warning signals, because their contract did not call for it and because no employee of appellee was working in the area at the time, there was no duty owed to appellant and thus summary judgment was appropriate.

Appellants argue that a material issue of fact existed, in that one of appellant's co-workers testified in a deposition that he hit an emergency stop button which did not work and that the appellee was responsible for installing the buttons. Appellants also point to *St. Clair v. B & L Paving Co.*, 270 Pa.Superior Ct. 277, 411 A.2d 525 (1979) for the proposition that a contractor owes a duty to third persons above and beyond the contractual duties owed to the other party to the contract.

In *St. Clair v. B & L Paving Co.*, supra, a paving company had paved a road for the Commonwealth according to Commonwealth specifications. An injured party, who alleged his injury was caused by the paving, brought suit. The court below granted summary judgment for the paving company. This Court reversed, holding that mere compliance with a contract is no defense to an action alleging negligence causing injury to a third person, and that the paving company owed a duty to third parties.

Upon review it appears that the trial court erred as to the questions of fact presented by this case. The testi-

mony that a safety device installed by appellee did not work presents a question for the jury as does the question of whether or not appellee's actions or inactions were a substantial factor in bringing about appellant's harm. In addition, even though many of the facts are not in dispute, the inferences thereunder are for the jury, not the judge, under *Schacter v. Albert,* supra. Apart from the errors committed by the trial court as to questions of fact, the trial court was premature in deciding that the appellee owed no duty as a matter of law, given the holding in *St. Clair v. B & L Paving Co.,* supra concerning the duty of a contractor to third parties even where the contractor completely complied with contractual provisions.

Considering the foregoing we conclude that the trial court erred in granting appellee's motion for summary judgment. Accordingly, we reverse.

Judgment reversed and case remanded. Jurisdiction relinquished.