**Somers v. Butler's Disposal Co.**

C.P. of Monroe County, no. 6735 Civil 2002.

*Thomas B. Helbig,* for plaintiffs.
*Michael P. Shay,* for defendant.

WALLACH MILLER, *J.,* July 12, 2006—On September 30, 2002, plaintiffs, Daniel Somers and Diane Somers, his wife, filed a complaint against defendant, Butler's Disposal Company, alleging injuries sustained by plaintiff Husband on the morning of July 26, 2001 while he was delivering milk to a Salvation Army children's camp in Wayne County, Pennsylvania. At the time of the incident, defendant Butler owned three large dumpsters, each about six yards long, which were placed behind the Camp Ladore kitchen area in Waymart, Pennsylvania. From March of 2000, defendant Butler provided garbage disposal services to Camp Ladore, returning about three times a week during the summer months to empty the dumpsters. This was done by using a large dump truck with arms which slid onto the dumpsters which were then hoisted upside down and the garbage unloaded into the truck. The verbal agreement did not outline any specific designation for placement of the dumpsters except to have them placed outside behind the kitchen area so Camp Ladore employees could easily dump garbage into them. From March of 2000 to the date of this incident, Butler never received any formal complaints or concerns about the positioning of the dumpsters from Camp Ladore, plaintiff Somers or plaintiff's employer.

Prior to his accident, plaintiff Somers testified in his deposition that he made deliveries to Camp Ladore three times each week in the summer of 2001. However, on July 26, 2001, plaintiffs allege that a metal handle bar at one end of the dumpster blocked one of two loading docks at Camp Ladore. Plaintiff chose this one loading dock to make his delivery that day and somehow wedged his truck in it. Subsequently, plaintiff, with the help of two kitchen staff employees of Camp Ladore, tried to push the dumpster about two to four inches in order to move his truck. In doing this, plaintiff injured his left arm and shoulder.

Procedurally, defendant filed an answer and new matter to plaintiffs' complaint, and discovery took place. With the discovery period closed, defendant now moves for summary judgment against plaintiff Somers.

In its summary judgment motion, defendant Butler argues that summary judgment is appropriate because it owes no duty to protect plaintiff Somers. Defendant first argues that a dumpster is not a dangerous condition from which defendant must be protected; second, defendant argues that plaintiff's injury is not a reasonably foreseeable event associated with a large, heavy stationary garbage dumpster. Therefore, as a matter of law, defendant argues that no duty could be imposed upon defendant.

The standard for determining whether summary judgment should be granted is set forth in Pa.R.C.P. 1035.2:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party

may move for summary judgment in whole or in part as a matter of law

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury."

In a summary judgment proceeding, the court need not determine the facts essential to the case, but only determine if a material issue of fact exists. *Kelly by Kelly v. Ickes,* 427 Pa. Super. 542, 629 A.2d 1002 (1993). Summary judgment is only properly granted in cases where the right to judgment is clear and free from doubt, with any existing doubts viewed in a light most favorable to the non-moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 608 A.2d 1040 (1992); *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991); *J.H. ex rel. Hoffman v. Pellak,* 764 A.2d 64 (Pa. Super. 2000). In order to determine whether a case is free from doubt, the court may consider pleadings, depositions, answers to interrogatories, admissions and supporting affidavits. Pa.R.C.P. 1035.1. Non-moving parties may not rest upon mere allegations or denials of pleadings; rather, the non-moving party must set forth specific facts demonstrating that there are genuine issues for trial. Pa.R.C.P. 1035.3; *Washington Federal Savings and Loan Association v.*

534

*Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986); *Overly v. Kass,* 382 Pa. Super. 108, 554 A.2d 970 (1989). Failure to allege such specific facts will result in a summary judgment, if appropriate, against the non-moving party. *Id.*

With regards to defendant's first argument that it owes no duty to plaintiff because a garbage dumpster does not constitute a dangerous condition, it is well settled that the issue of whether a dangerous condition exists is not a question of law but rather a question of fact for the jury to resolve. *Dean v. PennDOT,* 561 Pa. 503, 751 A.2d 1130 (2000); *Kilgore v. City of Philadelphia,* 553 Pa. 22, 717 A.2d 514 (1998); *PennDOT v. Patton,* 546 Pa. 562, 686 A.2d 1302 (1997). Therefore, we cannot reach the merits of defendant's first argument and cannot grant summary judgment on this basis.

In his second argument, defendant Butler argues it also does not owe a duty to plaintiff because plaintiff's injury was not a reasonably foreseeable risk associated with a large, heavy stationary dumpster. However, plaintiffs argue that defendant could have reasonably foreseen the danger inherent in a dumpster out of position and that defendant Butler could have anticipated the harm such a dumpster could cause.

In order to establish a cause of action in negligence, a plaintiff bears the burden of demonstrating that there is a duty or obligation recognized by law, a breach of that duty by the defendant, a causal connection between the defendant's breach of that duty and the resulting injury, and actual loss or damage suffered by the complainant. *Roche v. Ugly Duckling Car Sales Inc.,* 879 A.2d 785

(Pa. Super. 2005); *Minnich v. Yost,* 817 A.2d 538, 541 (Pa. Super. 2003); *First v. Zem Zem Temple,* 454 Pa. Super. 548, 553 n.2, 686 A.2d 18, 21 n.2 (1996). When considering the question of duty, it is necessary to determine whether a defendant is under any obligation for the benefit of that particular plaintiff, and, unless there is a duty upon the defendant in favor of the plaintiff which has been breached, there can be no cause of action based upon negligence. *Id.* However, duty, in any given situation, is predicated upon the relationships existing between the parties at the relevant time. *Morena v. South Hills Health System,* 501 Pa. 634, 642, 462 A.2d 680, 684 (1983); *Zanine v. Gallagher,* 345 Pa. Super. 119, 123, 497 A.2d 1332, 1334 (1985).

Therefore, we must determine the relationship between the parties in order to determine if any duty exists. Plaintiffs argue three grounds for determining the parties' relationships. First, plaintiffs state that the relationship is a contractual one, whereby defendant Butler, through its verbal contract with the Salvation Army, is contractually bound to protect plaintiff because he is a third-party beneficiary of the contract. Second, plaintiffs argue that he is a business invitee, who is owed a heightened duty of care from defendant Butler because defendant is subject to the same liability as a possessor of land by carrying on an activity upon Camp Ladore's land. Finally, plaintiff argues that if the plaintiffs and defendant are strangers, defendant still owes a general duty of care to protect plaintiff from conduct which foreseeably creates an unreasonable risk of harm to others.

Examining plaintiffs' first argument that there is a duty owed through a contractual relationship, Pennsyl-

vania case law holds that a contract may create a duty which requires a party to the agreement to use due care in performing the contract for the benefit of the other party to the agreement, as well as for third parties who are strangers to the contract. See *Gilbert v. Korvette's Inc.,* 457 Pa. 602, 327 A.2d 94 (1974); see also, *Evans v. Otis Elevator Co.,* 403 Pa. 13, 168 A.2d 573 (1961); *Heath v. Huth Engineers Inc.,* 279 Pa. Super. 90, 420 A.2d 758 (1980). If a duty to a third party arises from the contract, the defendant is not relieved of liability to those third parties merely because the defendant has satisfied its obligation to the original party with whom it has contracted.

However, in examining the case law, a contracting party's duty to a third party only arises when the contracting party provides a service that is not only intended for use by the other contracting party, but also third party people who regularly used the contracted services for its intended purpose. *Korvette's Inc.,* 457 Pa. at 615, 327 A.2d at 102 (under agreement with building owner, escalator company owing duty to building owner as well as persons using the elevator); *Doyle v. South Pittsburgh Water Co.,* 414 Pa. 199, 199 A.2d 875 (1964) (under contract with municipality to supply water hydrants, water company owed duty to homeowner whose house caught fire); *St. Clair v. B & L Paving Company,* 270 Pa. Super. 277, 279, 411 A.2d 525, 526 (1979) (under contract with the state to repave road, paving company also owed duty to the motoring public); *Hess v. Fuellfgraf Electric Co.,* 350 Pa. Super. 235, 504 A.2d 332 (1986) (under contract with coal processing plant to install safety device, electrical contractor owed duty to plant's employee).

In this case, defendant contracted with the Salvation Army to provide garbage disposal services to Camp Ladore. The agreement contemplated that only the Salvation Army, its staff, and campers would use the garbage disposals. There was no third party to the agreement, and no third party regularly used the services nor was any third party ever meant to regularly use the service. The above cases all deal with plaintiffs who sustained injuries while using the contracted service for their intended purpose; however, here, plaintiff sustained injuries by pushing the dumpster and not in using the garbage disposal for its intended purpose, namely trash collection. Thus, we find none of the above cases cited by plaintiffs to be controlling and find that Butler had no duty to protect plaintiff under that theory.

Even if there is no contractual duty, plaintiffs argue that plaintiff was a business invitee owed a heightened duty of care from defendant, who is subject to the same liability as a possessor of land. Plaintiff directs us to section 384 and section 343 of the Restatement (Second) of Torts, which holds that: "one who on behalf of the possessor of land erects a structure or creates any other condition thereon is subject to the same liability as though he were the possessor of the land, for bodily harm caused to others within and without the land, while the work is in his charge, by the dangerous character of the structure or other condition." *Duffy v. Fischbach & Moore Inc.,* 386 Pa. 533, 539, 126 A.2d 413, 416 (1956); *Stringert v. Lastik Products Co. Inc.,* 397 Pa. 503, 155 A.2d 625 (1959); *McKenzie v. Cost Brothers Inc.,* 487 Pa. 303, 409 A.2d 362 (1979).

The adopted comment (d) under section 384 states:

"A possessor of land may put a number of persons severally in charge of the particular portions of the work of erecting a structure or creating any other condition upon the land. Again, a general contractor employed to do the whole of the work may, by the authority of his employer, sublet particular parts of the work to subcontractors. In such a case, the rule stated in this section applies to subject the particular contractor or subcontractor to liability for only such harm as is done by the particular work entrusted to him." *Id.*

Adopted section 343 states:

"A possessor of land is responsible for injuries suffered by business visitors if he 'knows, or by the exercise of reasonable care could discover, the condition which, if known to him, should realize as involving an unreasonable risk to them.'" *Id.*

In the present case, there is no dispute that plaintiff was a business invitee at Camp Ladore, as he clearly entered Camp Ladore in furtherance of his business purpose, which was delivering milk to the camp. Furthermore, the Salvation Army contracts to defendant the particular work associated with servicing the garbage dumpsters and defendant Butler maintained this responsibility and did not shift the responsibility back to Camp Ladore or another party. Under section 384, defendant Butler could consequentially be subject to the same liability as a possessor of land for any harm associated with any work in defendant Butler's control, *i.e.,* servicing garbage disposals. Therefore, for purposes of determining the relationship between the parties, we find

that plaintiff was a business invitee, and defendant Butler acts as a possessor of land with respect to the garbage dumpsters at the camp.

In analyzing whether defendant Butler owes a duty to plaintiff as a business invitee, we find at the outset that, under Pennsylvania case law, the duty of care owed to a business invitee is the highest duty owed to any entrant upon land. *Gutteridge v. A.P. Green Services Inc.,* 804 A.2d 643 (Pa. Super. 2002); *Emge v. Hagosky,* 712 A.2d 315, 317 (Pa. Super 1998); *Crotty v. Reading Industries,* 237 Pa. Super. 1, 8, 345 A.2d 259, 262 (1975). The landowner must protect an invitee not only against known dangers, but also against those which might be discovered with reasonable care. *Id.* Our case law sets forth the duty that a possessor of land owes to business invitees as follows:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect against the danger."

However, a possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious

to them, unless the possessor should anticipate the harm despite such knowledge or obviousness. *Hughes v. Seven Springs Farm Inc.,* 563 Pa. 501, 762 A.2d 339 (2000); *Carrender v. Fitterer,* 503 Pa. 178, 185, 469 A.2d 120, 123 (1983).

Examining the case law, we found few cases involving dumpsters.[1] However, our Pennsylvania Superior Court dealt with a case analogous to this in *Cresswell v. End,* 831 A.2d 673 (Pa. Super. 2003). In *Cresswell,* plaintiff, a meter reader for Penn-American Water Company, sustained injuries while performing her duties at defendant End's house. *Id.* The water meter was located outside the defendant's house and above a window well. *Id.* After reading the meter, plaintiff fell through the window well. At deposition, Ms. Cresswell testified that she had been to defendant's house numerous times, and her company never notified defendant of any problems with the meter. *Id.*

The Superior Court held that even if plaintiff was an invitee, defendant would not be liable because the possessor of land is not liable to invitees for physical harm caused by a condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge. *Id.* at 678. The Superior Court held that the window well was an obvious danger known to the meter reader because plaintiff had been on the land numerous times, knew of the well, and also that there is an obvious danger associated with fall-

---

1. See *Amarhanov v. Fassel,* 442 Pa. Super. 111, 658 A.2d 808 (1995). No duty found owed by owner/occupier of land for injuries sustained by dumpster diver when dumpster hit by vehicle.

ing in a well, whereby one could hurt herself. Moreover, the Superior Court held that defendant could not anticipate the harm because defendant never was notified of any problem associated with the well. *Id.* Therefore, the court found no duty for the defendant to protect plaintiff as an invitee in this circumstance. *Id.*

Our present case involves a situation factually similar. Here, plaintiff testified in his deposition that he had been to Camp Ladore numerous times and knew that the dumpster was a problem. Moreover, the danger and risks associated with manually moving a heavy six-yard, metal dumpster with no wheels is clearly obvious to any reasonable person. Therefore, defendant Butler, unless it could have anticipated the harm despite such knowledge, cannot be liable for any physical harm associated with the garbage dumpster because it was a known and obvious danger. However, defendant Butler could not have anticipated the harm either because, like *Cresswell,* defendant owner was never notified of any problems with the dumpster from the plaintiff, plaintiff's employer or the camp. Moreover, Butler's agreement with Camp Ladore was only that the dumpsters would be placed behind the kitchen area, which defendant Butler complied with. Therefore, there is no way defendant Butler could reasonably anticipate such harm from a dumpster because it had no knowledge. As a result, we find defendant Butler did not owe a duty to protect plaintiff Daniel Somers as a business invitee.

Because we hold that the parties' relationship is one of business invitee to possessor of land, we do not need to examine plaintiff Somers' last argument that defendant Butler owes a general duty of care, which applies only

if the parties are deemed strangers. *Gerdes v. Booth & Flinn Ltd.,* 300 Pa. 586, 591, 150 A. 483, 485 (1930); *Roche,* 879 A.2d at 791; *Gallagher,* 345 Pa. Super. at 123, 497 A.2d at 1334.

To summarize, we find that in this particular case, defendant owed no duty to plaintiff because it was not *reasonably* foreseeable that someone would attempt to move an obviously heavy, metal dumpster by hand and be injured.

## ORDER

And now, July 12, 2006, defendant, Butler's Disposal Company's, motion for summary judgment is granted.