633 A.2d 196

Dorthea MURRAY, Executrix of the Estate of Perry Murray, Deceased, and Dorthea Murray in her own right, Appellant,

v.

HAMOT MEDICAL CENTER OF the CITY OF ERIE, a Corporation, Community Blood Bank of Erie County, a Corporation, George J. D'Angelo, M.D., Individually and George F. Kish, M.D., Individually, both d/b/a the D'Angelo Clinic

v.

REGIONAL CLINICAL LABORATORIES OF NORTHEASTERN PA and Pathology Associates of Erie, Inc. (Two Cases)

Superior Court of Pennsylvania.

Argued July 22, 1993.

Filed Nov. 4, 1993.

626

Franklyn E. Conflenti, Pittsburgh, for appellant.

Harry Kunselman, Pittsburgh, for Hamot Medical, appellee.

John W. Beatty, Erie, for Community Blood Bank, appellee.

Patricia J. Kennedy, Erie, for D'Angelo, M.D. & Kish, M.D., appellees.

Before CAVANAUGH, BECK and CERCONE, JJ.

CERCONE, Judge.

The issues raised in this appeal concern the proper application of the statute of limitations for personal injury arising out of the contraction of the Human Immunodeficiency Virus (HIV), which causes Acquired Immune Deficiency Syndrome (AIDS).

The circumstances of this case are tragic, indeed. In June, 1985, the decedent, Perry Murray, was admitted to Hamot Medical Center in Erie, Pennsylvania, for open heart surgery. During surgery, Mr. Murray required a blood transfusion, which his doctors administered. In June of 1987, Hamot Medical Center officials learned that the donor of his blood had tested positive for HIV. They contacted Mr. Murray and recommended that he be tested for the virus, as well. That same month, Mr. Murray learned that he had, in fact, contracted HIV. More thorough testing confirmed this result. In June, 1989, the decedent began to suffer from various ailments, referred to in the complaint as "HIV infection together with accompanying persistent dysfunctions," [1] including loose bowels, swollen feet, mouth ulcers, fatigue and corresponding weight loss.

On October 28, 1991, the decedent and his wife (appellants) instituted the instant suit against Hamot Medical Center, the Community Blood Bank of Erie County, Drs. George D'Angelo and George Kish, his treating physicians, and their medical group, the D'Angelo Clinic. The complaint alleged causes of action for negligence and lack of informed consent against each party, which caused Mr. Murray to contract HIV with accompanying persistent dysfunctions. After various appellees filed preliminary objections, but before oral argument on the objections, appellants agreed to amend their complaint.

1. The parties contest whether the decedent knew that these ailments constituted full-blown AIDS.

Appellants filed their first amended complaint on May 4, 1992. The appellees again filed preliminary objections to the amended complaint. On August 24, 1992, the trial court granted preliminary objections of each of the appellees as to counts II, V and VIII of the amended complaint, which alleged causes of action based on lack of informed consent. The trial judge held that these claims failed to state a recognized cause of action. Appellants sought an appeal of the trial court's order in this Court. We quashed the appeal as interlocutory.

Before the trial judge granted the aforementioned preliminary objections, appellee Community Blood Bank of Erie, filed a motion for summary judgment on grounds that the time period for bringing the action had expired. The trial judge granted this motion on December 4, 1992, finding that appellants knew about the injury to the decedent for more than two years before filing their writ of summons. The trial judge also held that the "separate disease rule," applicable in asbestos actions, did not apply to this matter. The other appellees filed similar motions for summary judgment which the trial judge granted on December 23, 1992. Appellants filed timely appeals to both the order granting preliminary objections and the orders granting the various motions for summary judgment. The appeals have been consolidated for our review[2] and raise the following issues:

1. In a medical malpractice action wherein the plaintiff contracts HIV from tainted blood, is the absence of any discernible physical injury to the plaintiff and the concealment of the responsible party sufficient to toll the statute of limitations;

2. In a medical malpractice action involving the administration of blood, does the lack of informed consent state a proper cause of action.

---

**2.** Perry Murray died in November, 1992, before the trial judge issued his order granting the motions for summary judgment. Appellees, George D'Angelo, George Kish and the D'Angelo Clinic, filed a motion for substitution of party in accordance with Rule of Appellate Procedure 502(a). We granted this motion, thereby allowing the representative of Mr. Murray's estate, appellant Dorthea Murray, to be substituted in the appeal. The caption was not altered by the Court's order.

As a preliminary matter we have two outstanding filings which we must review. First, counsel for The Pathology Associates of Erie, Inc., an additional defendant in the lower court action, seeks leave to withdraw since no complaint has been filed against it. Because of our disposition in this matter, as set forth below, we hereby grant counsel's petition to withdraw.

■ We also have before us appellants' outstanding request for this Court to take judicial notice of certain facts regarding the medical community's knowledge of AIDS in 1987. Appellees, Hamot Medical Center, and Drs. Kish and D'Angelo filed a motion to quash this request since appellants failed to offer such facts in the lower court. It is well-established that an appellate tribunal may not take judicial notice of facts not supported in the certified record. Although an appellate court may take judicial notice of a fact to the same extent as the trial court, we cannot take judicial notice of facts where such facts were never offered into evidence in the lower court. *Ware v. McKnight,* 368 Pa.Super. 502, 506, 534 A.2d 771, 773 (1987), *rev'd on other grounds,* 520 Pa. 89, 552 A.2d 666 (1988). In the present case, appellants never requested the lower court to take judicial notice of the facts offered here. We are therefore constrained to deny appellants' request. We turn now to the merits of the appeal.

■ Our standard of review from orders granting summary judgment is well-settled:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. Rule 1035(b).... In passing on a motion for summary judgment the court must examine the record in a light most favorable to the nonmoving party.... It is not a part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried.... Any doubt must be resolved against the moving

party.... The court, in ruling on a motion for summary judgment, must ignore the controverted facts contained in the pleadings.... The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations in the pleadings that are uncontroverted.

*Samarin v. GAF Corp.*, 391 Pa.Super. 340, 346–47, 571 A.2d 398, 401–02 (1989), *allocatur denied*, 524 Pa. 624, 574 A.2d 66 (1990) (quoting *Washington Federal Savings and Loan Association v. Stein*, 357 Pa.Super. 286, 515 A.2d 980 (1986)) (citations omitted) (emphasis in original). We will overturn a trial court's entry of judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank*, 379 Pa.Super. 313, 318, 549 A.2d 1311, 1313 (1988). Summary judgment is appropriate where the statute of limitations on a cause of action has expired. *A. McD. v. Rosen, M.D.*, 423 Pa.Super. 304, 307, 621 A.2d 128, 130 (1993).

Appellants first argue that the trial court erred in granting summary judgment by finding that the period of limitations had expired before the instant actions were initiated. Specifically, they contend that there remains an issue of fact as to when the decedent began suffering from full-blown AIDS emanating from the HIV infection. Alternatively, appellants claim that this Court should apply the "separate disease" rule, developed in asbestos cases, to HIV and any subsequent development of AIDS or AIDS-related complex (ARC). We shall discuss each of these claims.

■ The applicable statute of limitations is set forth in 42 Pa.C.S.A. § 5524(1), (2) and provides for a two-year period within which a plaintiff must bring an action for negligence which causes personal injury, or an action based on lack of informed consent. A recent *en banc* decision of this court thoroughly discussed application of the statute of limitations, as follows:

"As a matter of general rule, a party asserting a cause of action is under a duty to use all reasonable diligence to be

properly informed of the facts and circumstances upon which a potential right of recovery is based and to institute suit within the prescribed statutory period. Thus, the statute of limitations *begins* to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do[es] not toll the running of the statute of limitations." *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 84, 468 A.2d 468, 471 (1983) (citations omitted) (emphasis added). See: *Nesbitt v. Erie Coach Co.*, 416 Pa. 89, 204 A.2d 473 (1964). See also: *A. McD. v. Rosen, M.D., supra* [423 Pa.Super.] at 307, 621 A.2d at 130. In general, the statutory period will begin to run when the cause of action accrues, i.e., the date on which the injury is sustained. *Pounds v. Lehman, M.D.*, 384 Pa.Super. 358, 361, 558 A.2d 872, 873, *allocatur denied*, 523 Pa. 643, 565 A.2d 1167 (1989). An injury is done " 'when the act heralding a possible tort inflicts a damage which is physically objective and ascertainable.' " *Id.*, quoting *Ayers v. Morgan*, 397 Pa. 282, 290, 154 A.2d 788, 792 (1959).

*Ingenito v. AC & S, Inc.*, —— Pa.Super. ——, ——, 633 A.2d 1172, 1174 (1993) (*en banc*).

In cases where "creeping diseases" are involved, however, Pennsylvania courts have adhered to the discovery rule in ascertaining when the statute of limitations begins to run. Our Courts have most frequently applied the rule in cases concerning asbestos exposure. *See id.; Lucera v. Johns–Manville Corp.*, 354 Pa.Super. 520, 512 A.2d 661 (1986); *Trieschock v. Owens Corning Fiberglas Co., Inc.*, 354 Pa.Super. 263, 511 A.2d 863 (1986), *allocatur denied*, 514 Pa. 619, 521 A.2d 933 (1987); *Morgan v. Johns–Manville Corp.*, 354 Pa.Super. 58, 511 A.2d 184 (1986), *allocatur denied*, 514 Pa. 636, 522 A.2d 1105 (1987).

Because of the nature of HIV transmission and its detection, we find that the discovery rule is appropriately applied in cases involving HIV infection, as well. The Human Immunodeficiency Virus (HIV) is transmitted by direct blood-to-blood contact or by sexual contact with an infected individual. Le-

vine, *Acquired Immunodeficiency Syndrome: The Facts*, 65 S.Cal.L.Rev. 423, 427 (1991). Once a person becomes infected with HIV, the virus attaches itself to T4 cells which are responsible for immune function in humans. *Id.* The virus then multiplies and impairs the immune system, ultimately allowing other infections to occur far more frequently than normal, with devastating effects. Note, *Standards of Conduct, Multiple Defendants, and Full Recovery of Damages in Tort Liability for the Transmission of Human Immunodeficiency Virus*, 18 Hofstra L.Rev. 37, 44 (1989). Once a person has been infected with HIV, the virus begins to incubate over time. Thus, although a person infected with the virus may remain asymptomatic and may appear well in all respects, the virus continues to affect the host's immune system until it becomes so depressed that a limitless number of life-threatening infirmities may occur. Levine, *Acquired Immunodeficiency Syndrome: The Facts*, 65 S.Cal.L.Rev. at 429. The period in which the virus incubates is indeterminate. It may be as short as one year and can extend as long as fourteen years. Note, *Standards of Conduct, Multiple Defendants, and Full Recovery of Damages in Tort Liability for the Transmission of Human Immunodeficiency Virus*, 18 Hofstra L.Rev. at 44 n. 38; Note, *Tort Liability for the Transmission of the AIDS Virus: Damages for Fear of AIDS and Prospective AIDS*, 45 Wash. & Lee L.Rev. 185, 186 n. 4 (1988). Because of its inherent latency, HIV will likely be undetected for a long period of time. Thus, in cases such as this, where HIV has been transmitted through a blood transfusion, the discovery rule is particularly applicable since the prospective plaintiff will have no indication that he carries the virus.

In *Ingenito, supra,* our esteemed colleague, Judge Wieand, writing for the *en banc* majority, detailed a thorough discussion of the discovery rule.

The "discovery rule" is an exception to the rule which arises from the inability of an injured person, despite the exercise of due diligence, to know of the injury or its cause. *Hayward v. Medical Center of Beaver County*, 530 Pa. 320, 325, 608 A.2d 1040, 1043 (1992); *Pocono International Raceway,*

*Inc. v. Pocono Produce, Inc., supra* [503 Pa.] at 85, 468 A.2d at 471. In creeping diseases cases, it has been held, the statute of limitations begins to run when the injured person "knows, or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct." *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 136–137, 471 A.2d 493, 500 (1984) (footnote omitted). "A court presented with an assertion of applicability of the 'discovery rule' must, before applying the exception of the rule, address the ability of the damaged party, exercising reasonable diligence, to ascertain the fact of a cause of action." *Pocono International Raceway, Inc. v. Pocono Produce, Inc., supra* [503 Pa.] at 85, 468 A.2d at 471. " 'The standard of reasonable diligence is an objective or external one that is the same for all individuals.' " *Burnside v. Abbott Laboratories,* 351 Pa.Super. 264, 292, 505 A.2d 973, 988 (1985), quoting *Petri v. Smith,* 307 Pa.Super. 261, 271, 453 A.2d 342, 347 (1982). "We evaluate the plaintiff's conduct in terms of what he should have known at a particular time by following a course of reasonable diligence. If a party has the means of discovery within his power but neglects to use them, his claim will still be barred." *Burnside v. Abbott Laboratories, supra* [351 Pa.Super.] at 292, 505 A.2d at 988. See: *DeMartino v. Albert Einstein Medical Center, N.D.,* 313 Pa.Super. 492, 508, 460 A.2d 295, 303 (1983). A plaintiff does not need to know that he has a cause of action, or that he has suffered an injury due to another party's wrongful conduct. " '[O]nce [a plaintiff] possesses the salient facts concerning the occurrence of his injury and who or what caused it, he has the ability to investigate and pursue his claim.' " *Burnside v. Abbott Laboratories, supra* [351 Pa.Super.] at 291, 505 A.2d at 987–988, quoting *Berardi v. Johns–Manville Corp.,* 334 Pa.Super. 36, 44, 482 A.2d 1067, 1071 (1984) (emphasis omitted). A diligent investigation may require one to seek further medical examinations as well as competent legal representation. *Souders v. Atlantic Richfield Co.,* 746 F.Supp. 570, 573 (E.D.Pa.1990), citing *United*

*States v. Kubrick,* 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259, 270 (1979).

Where the issue involves a factual determination regarding what is a reasonable time for plaintiff to discover his injury and its cause, the issue is usually for the jury. *Hayward v. Medical Center of Beaver County, supra* [530 Pa.] at 325, 608 A.2d at 1043; *A. McD. v. Rosen, M.D., supra* [423 Pa.Super.] at 307, 621 A.2d at 130; *MacCain v. Montgomery Hospital,* 396 Pa.Super. 415, 423, 578 A.2d 970, 974 (1990), *allocatur denied,* 527 Pa. 624, 592 A.2d 45 (1991); *Burnside v. Abbott Laboratories, supra* [351 Pa.Super.] at 292, 505 A.2d at 988. However, where the undisputed facts lead unerringly to the conclusion that the time it took to discover an injury or its cause was unreasonable as a matter of law, summary judgment may be entered by the court. *Carns v. Yingling, M.D., supra* [406 Pa.Super. 279,] at 285, 594 A.2d [337,] at 340. See also: *A. McD. v. Rosen, M.D., supra; MacCain v. Montgomery Hospital, supra.*

*Ingenito,* —— Pa.Super. at ——, 633 A.2d at 1174.

In the present case, the decedent had open heart surgery in June, 1985. It was during that operation that his doctors authorized the blood transfusion through which he contracted HIV. In June, 1987, Dr. D'Angelo contacted Mr. Murray and advised him that the blood which was used in the transfusion was tainted with HIV. He then asked Mr. Murray to undergo testing for presence of the virus. During the same month, the test revealed that Mr. Murray was HIV-positive. Subsequent blood tests confirmed that result. Moreover, Dr. D'Angelo related to the decedent that the tainted blood was given to him through the transfusion which occurred during the open heart surgery in June, 1985. None of the parties to this action disputes these facts. Thus, the discovery rule applies to toll the statute of limitations until the time that Mr. Murray learned that he was infected with HIV and knew of its cause. Once he learned that he was infected by the virus, in June 1987, and knew that the injury emanated from the blood transfusion, it was incumbent upon him to take legal action for his injury within two years from that date, by June, 1989.

Appellants did not file the instant action until October, 1991. Therefore, even applying the discovery rule to the facts of this case, appellants' action is still time barred.

▮ Appellants make two arguments in support of their delay in filing. First, they contend that to sue based on HIV transmission, without any corresponding illness would mean that the claim was premature and no viable cause of action could be proven. We are constrained to disagree with appellants in this regard. First, we note that the statute of limitations does not begin to run when an injured party learns he has a viable cause of action. *Burnside v. Abbott Laboratories, supra.* Rather, an injured party must sue when he learns of the injury and its cause. In this vein, we deem the decedent to have suffered an injury once he was infected with HIV. His cause of action began to accrue when he subsequently learned about the infection and its cause, in June, 1987, after testing positive for HIV.

▮ We do not agree with appellants' assertion that an HIV-infected person, in this regard, has no damages during the time he is asymptomatic. The Human Immunodeficiency Virus is contagious. Accordingly, once a person learns that he has been infected with HIV, he will likely take steps to avoid its transmission. This entails changes in and limitations to his lifestyle. Also, HIV does not lie in a dormant state even though an infected individual is asymptomatic. The virus begins to multiply and deplete the body of cells necessary to proper immune functioning. Accordingly, those who test positive for HIV begin treatment in an attempt to slow the progression of the virus' reproduction. *Cf. Giffear v. Johns–Manville Corporation,* 429 Pa.Super. 327, 632 A.2d 880 (1993) (No. 1038 Philadelphia 1992, filed September 16, 1993) (*en banc*), slip op. at 19 (restrictions in activities or physical debility may be sufficient to demonstrate injury from pleural thickening in asbestos cases). Such damages are real. We therefore hold that sufficient injury exists upon which a suit may be brought, at the very least, when the injured party learns of his infection with HIV.

Appellants also claim that their infectious disease specialist, Dr. Lee VanVoris, misrepresented to them that Mr. Murray did not have AIDS and might not ever develop AIDS. They contend that such evidence demonstrates that they were lulled into a false sense of security by these statements thereby causing them to relax their vigilance. They argue that under caselaw in this jurisdiction, the appellees are estopped from asserting the statute of limitations as a defense for that period of time that they concealed the true nature of Mr. Murray's condition. Although the statute of limitations will be tolled under the discovery rule for that period during which a physician fraudulently conceals relevant facts regarding a patient's medical condition, see *Citsay v. Reich*, 380 Pa.Super. 366, 371, 551 A.2d 1096, 1098–99 (1988), such circumstances are not present in the instant matter. At no time did Dr. VanVoris conceal that appellant was infected with HIV. Also, the appellants specifically knew that the virus was transmitted from the blood Mr. Murray received during open heart surgery. It is immaterial whether appellants thought that Mr. Murray's subsequent infirmities were not indicative of full-blown AIDS or AIDS-related complex (ARC), since he knew of the injury and its cause.

It is also worth noting that in the affidavit of Mrs. Murray in opposition to the motions for summary judgment, she indicated that she and her husband were devastated to learn that Mr. Murray had contracted HIV. Thus, they were aware of the grave nature of the virus. Moreover, accepting as true, as we must, that Dr. VanVoris related to appellants that Hamot Medical Center wanted to help them financially, but did not wish to be sued, appellants were certainly on notice that legal recourse might exist. We therefore find no evidence that Dr. VanVoris concealed any material facts from appellants or acted to relax their vigilance in this regard. Accordingly, we find that summary judgment against appellees was proper since the statute of limitations had expired for causes of action based on the blood transfusion and negligent transmission of HIV.

Our decision today also comports with decisions in other jurisdictions which have addressed this issue. Thus, in *J.K. and Susie L. Wadley Research Institute and Blood Bank v. Beeson*, 835 S.W.2d 689 (Tex.Ct.App.1992), the appellant instituted survival and wrongful death claims against a blood bank which negligently transmitted blood tainted with HIV to her husband. The court rejected the Blood Bank's argument that the statute of limitations had run because the husband had not learned of his infection until he developed symptoms of AIDS four years after having undergone coronary bypass surgery during which he became infected. The Texas Court of Appeals held that the statute of limitations for HIV infection is tolled until that time in which the injured party learns of the infection. *Id.* at 695. *See also Sweeney v. Presbyterian/Columbia Medical Center*, 763 F.Supp. 50 (S.D.N.Y.1991) (discovery rule codified in New York statute allows a person infected with HIV to sue within three years after discovery of the injury). *Accord Gandara v. Slade*, 832 S.W.2d 164 (Tex. Ct.App.1992); *DiMarco v. Hudson Valley Blood Services* 147 A.D.2d 156, 542 N.Y.S.2d 521 (1989); *Prego v. City of New York*, 147 A.D.2d 165, 541 N.Y.S.2d 995 (1989). We therefore hold that all of appellants' causes of action for negligence and lack of informed consent are barred by the two-year statute of limitations set forth in 42 Pa.C.S.A. § 5524.

▉▉▉ Finally, appellants claim that even if their causes of action for HIV infection are time-barred, we should apply the "separate disease rule" as enunciated in this Court's *en banc* decision in *Marinari v. Asbestos Corp.*, 417 Pa.Super. 440, 612 A.2d 1021 (1992) to allow appellants' cause of action for negligent contraction of AIDS. We find, however, that this issue is not properly before us and any discussion on our part would be merely advisory. Appellants have not amended their complaint to include causes of action for negligent contraction of AIDS. Nor is there a separate action presently before us which alleges such causes of action. Appellants have only alleged causes of action for negligent transmission of the HIV virus and lack of informed consent as to the blood transfusion. Having only alleged one injury, we may not

consider whether an action for separate injury may be brought.

Orders affirmed. Petition of Pathology Associates of Erie, Inc. is granted. Request to take judicial notice is denied. Jurisdiction is relinquished.