658 A.2d 808

George **AMARHANOV** and Patricia
Amarhanov, H/W, Appellants,

v.

Robert J. **FASSEL**, John E. Morgan and Mary A. Morgan, Margaret O'Marra and John Doe O'Marra and Kevin O'Marra, Robert McCarthy & Sons D/B/A Do Away Rubbish Removal.

Superior Court of Pennsylvania.

Argued March 29, 1995.

Filed May 9, 1995.

112

Martin N. Ghen, Doylestown, for appellants.

Edward J. Schwabenland, West Chester, for Morgan and O'Marra, appellees.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge:

Appellants, George Amarhanov and Patricia Amarhanov, his wife, appeal from the October 31, 1994 entry of summary judgment in favor of appellees. Summary judgment was entered on the basis that appellants' negligence claim failed to present genuine issues as to duty and causation.

The instant action arose on the night of February 21, 1990 when appellant/George Amarhanov (hereinafter "appellant") was struck by an automobile driven by defendant Robert J. Fassel.[1] At the time of the accident, appellant was standing on the edge of a dumpster located along the curb in front of 2124 East Lehigh Avenue in Philadelphia. The police report indicated that the dumpster, which was located in a parking lane, occupied less than 10 feet of a 38–foot wide lane, leaving at least 28 feet open to the Fassel vehicle. Appellant had happened upon the dumpster while walking home and was rummaging for discarded construction materials when hit. After impacting appellant, Fassel's vehicle, which was travelling in excess of the posted speed limit, also hit a car parked next to the dumpster and an adjacent telephone pole.

On the date of the accident, the premises at 2124 East Lehigh Avenue were owned by appellee Mary Morgan,[2] who died on April 28, 1991. Appellees Margaret O'Marra (daughter of Mary Morgan) and Kevin O'Marra (son of Margaret O'Marra) also lived at the premises on the date of the accident, and appellee/Kevin O'Marra had placed the dumpster on the street in front of Mary Morgan's home in order to collect debris from a remodeling project. Kevin O'Marra had borrowed the dumpster from his employer, defendant/Robert McCarthy & Sons, d/b/a Do Away Rubbish Removal.[3]

After the completion of discovery, appellees moved for summary judgment on the basis that they owed no duty to appellant and that appellees' actions were not the proximate cause of appellant's injuries. The trial court granted the motion on October 31, 1994 and this appeal followed.

Initially, when reviewing an Order granting summary judgment, we are bound to consider the following principles:

1. Summary judgment was not granted as to Fassel, and he therefore remains a party to the action.

2. John Morgan, husband of Mary and also a named appellee, died in 1955 and properly was dismissed by the court below.

3. Summary judgment was denied as to Robert McCarthy & Sons approximately three months after it was granted as to Mary Morgan and the O'Marras. The entity therefore remains a party to the action and an appellee's brief was filed on its behalf.

> A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material act and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. Rule 1035(b).... In passing on a motion for summary judgment the court must examine the record in a light most favorable to the nonmoving party.... It is not a part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried.... Any doubt must be resolved against the moving party.... The court, in ruling on a motion for summary judgment, must ignore the controverted facts contained in the pleadings.... The court must restrict its review to the material authorized by Rule 1035 to be filed in support of and in opposition to the motion for summary judgment and *only* those allegations in the pleadings that are uncontroverted.

*Murray v. Hamot Medical Center,* 429 Pa.Super. 625, 628, 633 A.2d 196, 199 (1993), *quoting Samarin v. GAF Corp.,* 391 Pa.Super. 340, 346–347, 571 A.2d 398, 401–402 (1989), *allocatur denied,* 524 Pa. 624, 574 A.2d 66 (1990).

▪ Lastly, we will overturn a trial court's entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *McCain v. Pennbank,* 379 Pa.Super. 313, 549 A.2d 1311 (1988).

▪ Appellants now contend appellee/Kevin O'Marra was negligent in his placement of the dumpster and by failing to prevent passersby from rummaging in the dumpster. Appellants also assert that appellees/Mary Morgan, Margaret O'Marra and Kevin O'Marra were negligent in allowing an "artificial and hazardous condition" to exist on property owned or possessed by them.[4] As such, appellants' bases of appeal have in common a claim that a duty was owed to them by the appellees and that the breach of that duty proximately caused appellant's harm.

4. Appellant's brief at p. 17.

It has long been hornbook law that a duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others. *See e.g., Burman v. Golay and Co., Inc.,* 420 Pa.Super. 209, 616 A.2d 657 (1992), *appeal denied,* 533 Pa. 648, 624 A.2d 108 (1993); Restatement (Second) of Torts, § 302A.

The facts of this case clearly demonstrate that appellees created no unreasonable risk of harm to appellant. The dumpster was situated as a parked car in a parking lane in front of appellees' house, and neither impeded nor obstructed traffic along East Lehigh Street. The fact that Fassel also hit a car legally parked adjacent to the dumpster further undermines appellants' argument that the dumpster's location somehow created a peculiar risk of harm. Any risk created by the placement of the dumpster was no greater than that associated with an ordinarily parked car and therefore was not unreasonable.

Moreover, appellees neither invited nor expected appellant to rummage through the dumpster. Indeed, for the entire time the dumpster was in front of their house, appellees saw no one in or around it and received no complaints about the dumpster's location. Thus, appellant's injuries were not a foreseeable risk associated with appellees' conduct.

In sum, appellants have failed to establish the existence of a duty owed to them by appellees, because the latter's conduct created neither an unreasonable nor a foreseeable risk of harm to the former.

■ Even assuming, arguendo, the existence of a duty, we find that appellant failed to raise a genuine issue as to whether any conduct on the part of appellees proximately caused appellant's harm.

■ Proximate causation has been found where wrongful conduct is a substantial factor in bringing about the harm incurred. *Whitner v. Lojeski,* 437 Pa. 448, 458, 263 A.2d 889, 894 (1970). Proximate causation, which differs from causation-in-fact, is generally a question of law and depends on whether responsibility for the negligent conduct will extend to

the harm which in fact occurred. When the harm which ultimately results appears to the court to be a remote and highly extraordinary consequence of the defendant's conduct, legal causation will not be found and liability will not attach. *Bell v. Irace*, 422 Pa.Super. 298, 619 A.2d 365 (1993); *Dudley v. USX Corp.*, 414 Pa.Super. 160, 606 A.2d 916 (1992), *appeal denied*, 532 Pa. 663, 616 A.2d 985.

Instantly, appellees' conduct was not a substantial factor in causing appellant's harm. Appellant's injury was caused by the negligent driving of Fassel and such injury was not a natural and probable consequence of lawfully placing a dumpster in front of one's house.[5]

We therefore conclude that the court below properly entered summary judgment in favor of appellees.

Order affirmed.

---

5. Since we find that appellants have failed to raise a genuine issue under common law negligence principles, we need not address appellees' claim that appellant was a trespasser and, as such, entitled to no duty of care in the absence of willful or wanton conduct.