## Santiago v. St. Luke's Hospital

*Joseph F. Leeson Jr.,* for plaintiffs.
*Terrence R. Nealon,* for defendant.

MORAN, *J.,* January 26, 1996—This case arises from problems associated with the birth of plaintiff Nadia Lynn Santiago on April 22, 1988 at St. Luke's Hospital. The child allegedly sustained brain damage during her delivery. Shortly after the incident occurred, the child's parents, plaintiffs Nancy Santiago and John Santiago Jr., the adult plaintiffs, concluded that the obstetrician, defendant Sara Orr Cochrane M.D., may have committed malpractice. They commenced a medical malpractice action against

Dr. Cochrane and Bethlehem Obstetric Associates in 1990.[1]

During a deposition on April 14, 1993, Dr. Cochrane provided testimony which suggested to the plaintiffs that both the obstetric nurse, Sheila Newman R.N., and St. Luke's Hospital may have committed malpractice with respect to the birth. Dr. Cochrane testified that defendant Newman failed to properly monitor the fetal heart rate.

Shortly thereafter, on May 6, 1993, plaintiffs commenced the present action against Sheila Newman R.N., and St. Luke's Hospital. Defendants Newman and St. Luke's Hospital now move for partial summary judgment, arguing that the individual claims of the adult plaintiffs, Nancy Santiago and John Santiago Jr., are barred by the statute of limitations.

Summary judgment is granted properly when the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). Summary judgment is appropriate only in those cases which are clear and free from doubt. *Lyman v. Boonin,* 535 Pa. 397, 635 A.2d 1029 (1993); *Musser v. Vilsmeier Auction Co. Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). The record must be viewed in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving parties. *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

---

1. The original case against Dr. Cochrane and Bethlehem Obstetric Associates is the companion case of the present action against Sheila Newman R.N., and St. Luke's Hospital.

Plaintiffs' complaint alleges two separate causes of action; one on behalf of the parents for medical expenses incurred and the loss of the minor's services during minority, and one on behalf of the child for pain and suffering and for economic losses after she attains her majority. *Schmidt v. Kratzer,* 402 Pa. 630, 168 A.2d 585 (1961); *Brower v. City of Philadelphia,* 124 Pa. Commw. 586, 590, 557 A.2d 48, 50 (1989); *Tamborelli v. Kovar,* No. 1992-C-8355, Moran, J. (Northampton Co., November 2, 1994).

The statute of limitations on malpractice actions is two years. 42 Pa.C.S. §5524. The "minor tolling statute" provides that the statute of limitations period for a minor plaintiff's individual claims does not begin to run until the minor plaintiff reaches the age of 18. 42 Pa.C.S. §5533(b). This statute, however, applies only to the personal injury claims of the minor herself, and not to nonderivative claims brought by the parents for medical expenses and loss of services. *Hathi v. Krewstown Park Apartments,* 385 Pa. Super. 613, 616, 561 A.2d 1261, 1262 (1989); *Tamborelli, supra.* The minor's tolling statute will not toll the parents' claims even as it tolls the related claims of the minor. Thus, the parents' separate claims for damages are governed by the general statute of limitations. *Id.*

The adult plaintiffs argue that the discovery rule has tolled the running of the two year statute of limitations, making their claim timely. Under the discovery rule, the limitations period is tolled until the plaintiff knows or should reasonably know that he has been injured, and that his injury has been caused by another's conduct. *MacCain v. Montgomery Hospital,* 396 Pa. Super. 415, 578 A.2d 970 (1990). A plaintiff must exercise reasonable diligence to become properly informed of facts and circumstances upon which the potential right of

recovery is based. Mistake, misunderstanding or lack of knowledge will not toll the statute of limitations. *Bradley v. Ragheb,* 429 Pa. Super. 616, 633 A.2d 192 (1993). Reasonable diligence may require one to seek further medical examinations as well as competent legal representation. *Ingenito v. AC&S Inc.,* 430 Pa. Super. 129, 633 A.2d 1172 (1993).

When a plaintiff has asserted the discovery rule, the court must first evaluate what the plaintiff could and should have known, exercising reasonable diligence, to determine whether the statute of limitations was triggered. *Bradley, supra* at 621, 533 A.2d at 194. For the limitations period to commence running, the plaintiff must know of his injury and its cause. He need not know that he has a viable cause of action, *Murray v. Hamot Medical Center,* 429 Pa. Super. 625, 633 A.2d 196 (1993), or the precise medical cause of his injury. *Carns v. Yingling,* 406 Pa. Super. 279, 594 A.2d 337 (1991).

In *Larthey by Larthey v. Bland,* 367 Pa. Super. 67, 532 A.2d 456 (1987), the Superior Court held that the discovery rule did not toll the statute of limitations in a malpractice action against an obstetrician where the parents knew of the infant's injuries and that they were caused by problems during delivery.

The Pennsylvania Supreme Court has recently reiterated the strict objective view of the due diligence standard under discovery rule in *Cochran v. GAF Corporation,* 666 A.2d 245 (Pa. 1995). In upholding the Superior Court's dismissal of a plaintiff's personal injury case based upon the discovery rule, the Supreme Court concluded:

"Long ago we recognized that '[t]here are few facts which diligence cannot discover, but there must be some reason to awaken inquiry and direct diligence in the

channel in which it would be successful. This is what is meant by reasonable diligence.' [citation omitted] Reasonable diligence is an objective, rather than a subjective standard. Under this standard, the plaintiff's actions must be evaluated to determine whether he exhibited 'those qualities of attention, knowledge intelligence and judgment which society requires of its members for the protection of their own interests and the interests of others.' " *Id.* 666 A.2d at 249.

Applying the objective standard enunciated in *Cochrane* to the case at bar, it is clear that the adult plaintiffs' claims are barred by the statute of limitations. Plaintiffs admittedly suspected malpractice by the health care providers within a year of their daughter's birth. They retained counsel shortly thereafter. Plaintiffs' counsel secured a copy of the entire hospital chart in 1989. At that time, the adult plaintiffs possessed all of the salient facts needed to bring an action against defendants Newman and St. Luke's Hospital.

Furthermore, plaintiffs' liability expert, Dr. Ralph B. Epstein, was critical of the actions by Sheila Newman and St. Luke's Hospital in his report dated January 10, 1990. Based upon this report, we must conclude that the adult plaintiffs were alerted as to possible malpractice by defendants Newman and St. Luke's Hospital several years before the date on which they commenced the present malpractice action, May 6, 1993. Thus the discovery rule will not toll the statute of limitations as to the adult plaintiffs' claims against defendants Newman and St. Luke's Hospital. Because the statute of limitations had expired prior to plaintiffs' filing of their action, defendants' motion for partial summary judgment as to the claims of the adult plaintiffs is granted.

Wherefore, we enter the following:

## ORDER

And now, January 26, 1996, the motion for partial summary judgment of defendants Sheila Newman R.N., and St. Luke's Hospital is hereby granted.