**D'Ambro v. Stradley, Ronon, Stevens & Young**

*William A. DeStefano* and *John L. DiGiacomo,* for plaintiff.

*David Zalesne,* for defendant.

WOOD, *J.,* February 8, 1996—

## BACKGROUND

This matter is before me on defendant's motion for summary judgment based on expiration of the statute of limitations. Plaintiff brought this action against the law firm of Stradley, Ronon, Stevens & Young in connection with their negotiation of a commercial real estate agreement on his behalf.

At the outset, I note that summary judgment shall be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). The record must be viewed in the light most favorable

to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Marks v. Tasman,* 527 Pa. 132, 135, 589 A.2d 205, 206 (1991).

## FACTS

The defendant advised the plaintiff to sign an agreement of sale with a "time is of the essence" clause specifying the closing date. The agreement did not contain a mortgage contingency provision or a clause providing for environmental testing. The defendant did not mention these issues to the plaintiff. After plaintiff had signed the agreement, several banks in the area told him that they would not approve a mortgage loan without an environmental report. Plaintiff's environmental consulting firm could not complete its report until after the date set for closing in the agreement of sale. The seller refused to extend the agreement date beyond May 5, 1988. On May 22, 1988 the seller terminated the agreement and notified the plaintiff that all deposit monies would be forfeited. (Exhibit C, defendant's motion for summary judgment.)

Plaintiff commenced this action by filing a praecipe for writ of summons on January 2, 1992. The prothonotary reissued the writ several times and plaintiff filed a complaint against the defendant on July 1, 1993. Plaintiff's complaint alleges that the defendant agreed to represent him in negotiating a commercial real estate agreement. The complaint further alleges that the defendant breached this agreement by failing to properly advise the plaintiff. As a result, plaintiff is seeking over $6,000,000 in damages.

## DISCUSSION

This case raises the issue of whether the statute of limitations governing tort or contract applies to the ac-

tion. And if the two-year tort statute of limitations should apply, does the discovery rule operate to toll the statute in this case?

The defendant argues that May 26, 1988, the day when the plaintiff received notice that the sales agreement was terminated, is the latest day on which plaintiff's cause of action could have arisen. Defendant argues that this action sounds in tort and therefore the two-year statute of limitations found in 42 Pa.C.S. §5524 must govern this case. Defendant argues that the plaintiff's single count complaint fails to state a cause of action in contract and therefore the four-year statute of limitations found in 42 Pa.C.S. §5525 cannot apply.

Plaintiff argues that although he knew that his deal had fallen through in 1988, he could not have brought and did not bring the action until he spoke with another attorney to learn the cause of his harm. He has offered an affidavit explaining that another attorney advised him that he may have a malpractice claim against the defendant on July 23, 1990.

It is clear that plaintiff can pursue a legal malpractice claim in tort or contract. See *Guy v. Liederbach,* 501 Pa. 47, 55, 459 A.2d 744, 748 (1983) and *Bailey v. Tucker,* 533 Pa. 237, 621 A.2d 108 (1993).

As to plaintiff's tort claim,

"the equitable discovery rule provides that the statute of limitations does not begin to run until the injured party is aware or reasonably should be aware of his injury or its cause. *Pocono Raceway v. Pocono Produce Inc.* 503 Pa. 80, 85, 468 A.2d 468, 471 (1983). However, it is well settled that mere mistake, misunderstanding or lack of knowledge do not toll the statute of limitations. *Walters v. Ditzel,* 424 Pa. 445, 449, 227 A.2d 833, 835 (1967)." *Garcia v. Community Legal Services Corp.,*

362 Pa. Super. 484, 495, 524 A.2d 980, 985 (1987), *appeal denied,* 517 Pa. 623, 538 A.2d 876 (1988).

In this case potential lenders informed the plaintiff that he needed environmental testing on the property before the deal fell through. The plaintiff also knew that the seller would not extend the date set for settlement. He may not have known the exact language his attorney should have added to the agreement of sale but he knew that his attorney should have informed him about responsibilities under the agreement if he was unable to secure a loan. See plaintiff's complaint at pages 5-6, paragraphs 16 and 17. It is clear that the plaintiff knew or should have known of the harm he suffered and its cause when the agreement of sale fell through. It is of no moment that he did not believe that he had the makings of a lawsuit until 1990. See *Murray v. Hamot Medical Center,* 429 Pa. Super. 625, 636, 633 A.2d 196, 202 (1993), *appeal denied,* 540 Pa. 632, 658 A.2d 796 (1994). Therefore plaintiff's cause of action accrued on the date the seller notified him that he was in default and the discovery rule does not toll the statute of limitations.

As to plaintiff's contract claim against the defendant, viewing the record in a light most favorable to the plaintiff, I find that the plaintiff has stated a cause of action against the defendant in contract.[1] However, in *Bailey,* Justice Nix made it clear that a claim based on breach of the attorney-client agreement is a contract

---

1. I distinguish the case of *Garcia v. Community Legal Services Corp.,* 362 Pa. Super. 484, 524 A.2d 980 (1987), on its facts. There, a four-year statute of limitations did not apply to a legal malpractice case where the complaint read "complaint in trespass" and the plaintiff did not include a contract count against the defendant. The court found that because the plaintiff failed to plead separate causes of action properly, any possible claim in assumpsit was waived.

claim in which damages are limited to the amount actually paid for the attorney's services. *Bailey, supra* at 252, 621 A.2d at 115.

## ORDER

And now, February 8, 1996, upon consideration, defendant's motion for summary judgment as to plaintiff's tort claim is granted due to expiration of the statute of limitations. Defendant's motion for summary judgment as to plaintiff's contract claim is denied.