## J.A. v. St. Joseph's Children's & Maternity Hospital

C.P. of Lackawanna County, no. 93 CV 4439.

*Lisa R. Schwartz,* for plaintiffs.
*Sidney J. Prejean,* for defendant.

MINORA, *J.,* January 18, 2001—

## I. INTRODUCTION

The current matter before the court is the plaintiffs' motion for leave to file an amended complaint to include a separate cause of action on behalf of the plaintiff, J.A. Jr. Before we get to the merits of the motion, some procedural and factual background is in order.

On March 15, 1994, the original plaintiffs (J.A. and M.A., his wife, as parents and natural guardians of J.A. Jr., then a minor, and J.A. and M.A., his wife, in their own right) filed a complaint against the defendant alleging, inter alia, defendant intentionally and fraudulently misrepresented the health of the child (J.A. Jr.)

and the birth mother's lifestyle history at the time of the adoption of the child. The complaint alleges breach of contract, and various torts against the defendant.

On or about May 9, 1994, defendant filed its answer to the complaint, denying generally and specifically all allegations of wrongdoing on its part in the course of the adoption. In its new matter, defendant has raised the statute of limitations, failure to state a claim upon which relief can be granted and plaintiffs' lack of standing.

On or about November 16, 1994, the plaintiffs filed their reply to the defendant's new matter and the pleadings seemed closed at that time.

Voluminous and extensive discovery ensued for the next five to six years. A pretrial conference was scheduled for April 28, 2000 before the Honorable Michael J. Barrasse. The plaintiffs apparently canceled the pretrial conference.

On September 22, 2000, plaintiffs' counsel appeared at Lackawanna County Court en banc seeking leave to file an amended complaint. The undersigned, on that date, granted a rule to decide if said amended complaint should be allowed. Both sides have submitted their respective briefs and the court also entertained oral argument thus rendering this matter of the proposed amended complaint ripe for disposition.

By way of factual background, according to the pleadings and discovery alleged by the plaintiffs, the following events took place.

On or about June 8, 1977, plaintiff-parents applied to defendant, St. Joseph's Center, to adopt a normal healthy child. At the time of placement, the defendant had the baby's hospital chart and employed a physician who examined J.A. Jr. before the placement. At the time of the adoption, the defendant reported to the plaintiffs

that the child was a male Caucasian born November 2, 1981. They reported it was a normal, spontaneous delivery, at 36 weeks gestation. They reported the birth weight was four pounds, nine ounces with a length of 18 inches. Lastly, they reported there were no abnormalities noted at birth or upon later physical examination.

Prior to St. Joseph's approval of Mr. and Mrs. J.A. to adopt, they were required to submit medical certifications to St. Joseph's Center. The medical certification of the mother-plaintiff indicated she suffered from chronic hypertension, diabetes mellitus and exogenous obesity. Mrs. J.A.'s medical certification further indicated these were chronic illnesses that would decrease her life span. Apparently, there was no indication St. Joseph's Center took further steps to ascertain J.A. and M.A.'s fitness to care for a child with special needs.

When J.A. Jr. was born on November 2, 1981, he remained hospitalized until at least November 25, 1981. No discharge summary exists in J.A. Jr.'s chart from which we can discern exactly when he was discharged. During the hospitalization, J.A. Jr. suffered from prematurity, fever, cyanosis, bradycardia, apnea, jaundice and shallow respirations. He was also on oxygen, suffered moderate ventilation profusion abnormalities and intermittently displayed a rigid body.

By way of the proposed amendment to the complaint, J.A. Jr. seeks to pursue his own negligent adoption claim. He claims discovery in this matter supports his allegation that the defendant's intentional misrepresentation concerning his medical history caused him to be placed with a couple who neither desired nor were capable of caring for a child with special needs resulting from fetal alcohol syndrome. The essence of the adoptive par-

ents' claim is based on the defendant's documentation indicating that the birth mother ingested alcohol and marijuana during her pregnancy as well as the baby's prolonged hospitalization immediately after birth. Plaintiffs also indicate that no further discovery would be needed if this amendment was allowed.

## II. ISSUE(S)

(A) Did the cause of action purported to be alleged by J.A. Jr. in his proposed amended complaint accrue after the enactment of the Minor's Tolling Statute (42 Pa.C.S. §5533)?

(B) Assuming the proposed amendment is not time-barred, does said amendment to the complaint set forth a cognizable claim on behalf of J.A. Jr. in the context of wrongful adoption?

(C) Assuming that J.A. Jr.'s proposed cause of action is not time-barred and is cognizable under Pennsylvania law, should said motion to amend be denied because plaintiffs' counsel is conflicted from pursuing a claim on behalf of the child which is in direct opposition to the claim previously sought on behalf of the parents?

## III. DISCUSSION

(A) In general, Pennsylvania Rule of Civil Procedure 1033 governs the amendment of pleadings and states:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleadings, even though they give rise to a new cause of action or defense. An amendment

may be made to conform the pleadings to the evidence offered or admitted." Pa. R.C.P. 1033.

Amendments to complaints are permitted pursuant to Pa.R.C.P. 1033 by leave of court and that decision about whether to allow an amendment is within the discretion of the trial court. *City of Philadelphia v. White,* 727 A.2d 627, 630 (Pa. Commw. 1999). Generally, it is the duty of the plaintiff to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right to recovery is based and to bring suit before the statute of limitations has run. *Hamilton v. Bechtel,* 441 Pa. Super. 390, 395, 657 A.2d 980, 982-83 (1995), citing *Hayward v. Medical Center,* 530 Pa. 320, 608 A.2d 1040 (1992). The Supreme Court of Pennsylvania has held that an amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of a defendant because it would constitute resulting prejudice to the adverse party. *Schaffer v. Larzelere,* 410 Pa. 402, 407, 189 A.2d 267, 270 (1963). However, if the proposed amendment does not change the cause of action but merely amplifies that which already has been averred, it should be allowed even though the statue of limitations has already been run. *Id.*

The policy of Pennsylvania courts is that amendments to pleadings should be liberally allowed in order to secure a determination of cases on their merits, except in those instances where surprise or prejudice to the other party would result or where the proposed amendment is against a positive rule of law. *Tanner v. Allstate Insurance Co.,* 321 Pa. Super. 132, 137, 467 A.2d 1164, 1167 (1983). Prejudice must be something more than a detriment to the other party, for to make an advantage operate as a bar to amendment would be to destroy the

right to amend in all cases, except in cases when the moving party would have no reason to amend. *Cellutron Products Corp. v. Stewart,* 223 Pa. Super. 391, 394, 300 A.2d 900, 901-902 (1972); *Lynady v. Community Medical Center,* 101 Lacka. Jur. 443, 444-445 (2000).

Intertwined with those general principles governing amendment of pleadings is the statute of limitations and the Minor's Tolling Statute (42 Pa.C.S. §5533(b)) which became effective June 29, 1984 after the birth in November 1981.

42 Pa.C.S. §5533(b) states in pertinent part:

"(b) Infancy. — If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action *accrues,* the period of minority shall be deemed a portion of the time period within which the action must be commenced. Such person shall have the same time for commencing an action after attaining majority as is allowed to others by the provisions of this subchapter. As used in this subsection the term 'minor' shall mean any individual who has not yet attained the age of 18." (emphasis added)

We agree that the proposed cause of action on behalf of J.A. Jr. could not and did not accrue until October 16, 1991. (The first time a diagnosis of fetal alcohol syndrome was discovered by Dr. Kenneth Lillik—see exhibit "E" to plaintiffs' brief in support of the motion for leave to file an amended complaint.)

Since October 16, 1991 is the earliest date the plaintiff, J.A. Jr., could have reasonably discovered his injury, his cause of action by virtue of the discovery rule would not have accrued to him until that time. *Dalrymple v. Brown,* 549 Pa. 217, 701 A.2d 164 (1997); *Pocono International Raceway v. Pocono Produce Inc.,* 503 Pa. 80, 84, 468 A.2d 468, 471 (1983); *Redenz by*

*Redenz v. Rosenberg,* 360 Pa. Super. 430, 435, 520 A.2d 883, 885 (1987); *Berardi v. Johns-Manville Corp.,* 334 Pa. Super. 36, 482 A.2d 1067 (1984).

Since the Minor's Tolling Statute was in effect as of October 16, 1991 (42 Pa.C.S. §5533(b) becoming effective on June 29, 1984) his claims would remain viable until November 2, 2001. This is so because J.A. Jr. was born on November 2, 1981 and he reached the age of 18 on November 2, 1999. Therefore, he would have until November 2, 2001 to file his claim under a general two-year statute of limitations for tort. (See 42 Pa.C.S. §5524.)

By virtue of the application of the discovery rule above, plaintiff J.A. Jr.'s proposed amendment would not be time-barred.

(B) The next hurdle for J.A. Jr. is to determine if his proposed amendment sets forth a cognizable cause of action and does not violate a positive rule of law. (See *Tanner v. Allstate Insurance Co., supra* at p. 146.)

It is true that J.A. Jr.'s proposed claim may present a novel claim or theory of liability. However, the mere novelty of a claim does not automatically merit its dismissal. *Neff v. Lasso,* 382 Pa. Super. 487, 490, 555 A.2d 1304, 1305 (1989), *alloc. denied,* 523 Pa. 637, 565 A.2d 445 (1989).

To establish the viability of J.A. Jr.'s potential claim would require a "duty" and "foreseeability" analysis. To begin with, whether a defendant owes a duty of care to a plaintiff is a question of law. *Kleinknecht v. Gettysburg College,* 989 F.2d 1360 (3d Cir. 1993). "It has long been hornbook law that a duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others." *Amarhanov v. Fassel,* 442 Pa. Super. 111, 115, 658 A.2d 808, 810 (1995).

Duty, as a concept, is a flexible notion. In determining the existence of a duty of care, it must be remembered that the concept of duty amounts to no more than the sum total of those considerations of public policy which led the law to say that the particular plaintiff is entitled to protection from the harm suffered. *Troxel v. A.I. Dupont Institute,* 450 Pa. Super. 71, 82, 675 A.2d 314, 319-20 (1996); *Gardner by Gardner v. Consolidated Rail Corp.,* 524 Pa. 445, 453, 573 A.2d 1016, 1020 (1990); *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979).

Furthermore, duty is only a word with which we state our conclusion that there is or is not to be liability. It necessarily begs the question. *Id.* To give it any greater mystique would unduly hamper our system of jurisprudence in adjusting to changing times. *Id.*

Moreover, a higher duty of care is imposed when a "special relationship" exists such as in this adoption setting. See *Huddleston v. Infertility Center of America Inc.,* 700 A.2d 453 (Pa. Super. 1997); *Stiver v. Parker,* 975 F.2d 261 (6th Cir. 1992); *Morena v. South Hills Health System,* 501 Pa. 634, 462 A.2d 680 (1983).

Certainly, a "special relationship" exits in the adoption setting present in this case between the adoption entity (St. Joseph's Center), its client participants (J.A. and M.A.) and most especially the child himself (J.A. Jr.). See *Huddleston, supra; Kleinknecht, supra.*

Therefore, in light of the special relationship that exists between the parties and a modern and expanding view of the changing family unit and how it's composed and created we do find that a legal duty exists between J.A. Jr. and St. Joseph's Center.

However, the analysis does not end with "duty." We must now determine whether the harm suffered in this case was reasonably foreseeable. *Huddleston, supra.*

In the context of duty, the concept of foreseeability means the likelihood of the occurrence of a general type of risk rather than the likelihood of the occurrence of the precise claim of events leading to the injury. *Kleinknecht, supra; Huddleston, supra.*

Although it is true that a defendant is not required to guard against every possible risk, he must take reasonable steps to guard against hazards which are generally foreseeable. *Id.*

Even intervening criminal conduct has been ruled not to preclude foreseeability and whether or not such conduct would be a superseding cause is for a jury to determine in all but the clearest cases. *Powell v. Drumheller,* 539 Pa. 484, 653 A.2d 619 (1995); see also, *Huddleston* at 460.

We agree with the plaintiffs that whether or not it is reasonably foreseeable that J.A. Jr. with his medical history both before and after birth would suffer if placed with a couple physically unable to care for his special needs is a question of fact which requires the jury's careful deliberation. We agree J.A. Jr.'s harm resulting from the alleged wrongful placement could be found to be a reasonably foreseeable injury in the special context of adoption. We therefore feel that a "special relationship" together with the foreseeability of the harm establishes that defendant, St. Joseph's Center, owed a duty of care to J.A. Jr. in placing him for adoption. The issue remaining would be whether the defendant breached that duty.

Therefore, J.A. Jr.'s proposed amended complaint is not only timely as set forth in section "A" above but also presents a cognizable claim under Pennsylvania law.

(C) The last issue presented by defense counsel at argument is that plaintiffs' motion to amend should be denied because plaintiffs' counsel is conflicted from pursuing a claim on behalf of the child which is in direct opposition to the claim previously sought on behalf of the parents.

The defense claims the original complaint, filed by counsel on behalf of the parents, alleges, in general, "St. Joseph's Center gave us a damaged child." They claim that the amended complaint adds, on behalf of the child, the antagonistic and contradictory claims, "St. Joseph's Center gave me inadequate parents."

This conflict issue is premature at this point. What is before the court is plaintiffs' motion to amend the complaint and address the issues of the validity and timeliness of the proposed amendment and the issue of whether or not the proposed amendment sets forth a viable cause of action all of which we have addressed in sections "A" and "B" above.

Pennsylvania law allows alternative pleading. (See Pa.R.C.P. 1020.) *PennDot v. Manor Mines Inc.,* 523 Pa. 112, 565 A.2d 428 (1989).

The issue of whether or not the current counsel may have such a conflict so as to preclude continuing representing both the parent-plaintiffs (J.A. and M.A.) and the child-plaintiff (J.A. Jr.) is not germane to the amendment issue before us *at this time.* (emphasis added)

We are not saying this is an issue to be ignored. This conflict issue may have to be revisited at some future time, but it is not currently a bar to the proposed amended complaint.

An appropriate order consistent with this memorandum will follow.

## ORDER

And now to wit, January 18, 2001, upon consideration of plaintiffs' motion for leave to file an amended complaint and upon due consideration of the able written and verbal arguments of both counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed that the plaintiffs are granted leave to file their proposed amended complaint within 20 days from the date of the order.