## Mackin v. Arthur J. McHale Heating & Air Conditioning Company Inc.

*Richard A. Russo* and *Frank J. Bolock Jr.,* for plaintiff.

*Michael F. Frisbie,* for defendants.

COTTONE, *S.J.,* May 19, 2005—In the instant action, the defendants, Arthur J. McHale Heating and Air Conditioning Company Inc. and Justin Burkhart, filed preliminary objections to the amended complaint filed

by the plaintiff, Deborah Mackin, administratrix of the estate of Thomas Mackin. The amended complaint avers that, on or about October 2, 1998, the decedent, Thomas Mackin, was stopped in traffic when a vehicle driven by Justin Burkhart collided with his vehicle. It is alleged that, at the time of the accident, Mr. Burkhart was the agent, servant, workman and/or employee of the defendant McHale Heating, and was acting within the course and scope of his employment.

The amended complaint avers that, as a result of the defendants' negligence, Mr. Mackin suffered serious, disabling and permanent injuries including, inter alia, a concussion, herniated disc, radiculopathy, post-traumatic headaches, post-concussion syndrome and depression. The plaintiff claims that, because of these injuries, the decedent was prescribed narcotic medications upon which he became dependent. Due to his inability to alleviate his pain, the decedent allegedly began to suffer from a dependence upon the narcotic medication he was taking. Mr. Mackin eventually committed suicide on August 26, 2002. The plaintiff avers that his suicide was the direct result of the injuries caused by the October 2, 1998 accident and his inability to alleviate his resulting pain and depression. The complaint has been amended to include wrongful death and survival claims.

The defendants filed preliminary objections to this amended complaint in the nature of a demurrer and a motion to strike paragraph 12(m) for failure to comply with our rules of procedure. It is these preliminary objections which this court is now called upon to address.

When confronted with preliminary objections in the nature of a demurrer, a court must determine whether, on the facts averred, there is no possibility of recovery under the law. *Sutton v. Miller,* 405 Pa. Super. 213, 221, 592 A.2d 83, 87 (1991). A court must accept as true all well-pleaded facts and all reasonably deducted inferences therefrom. *DeSantis v. Swigart,* 296 Pa. Super. 283, 286, 442 A.2d 770, 772 (1982). The complaint must be reviewed in a light most favorable to the non-moving party. *Aetna Electroplating Co. Inc. v. Jenkins,* 335 Pa. Super. 283, 285, 484 A.2d 134, 135 (1984). A demurrer should be sustained where the case is clear and free from doubt. *American Housing Trust III v. Jones,* 548 Pa. 311, 316, 696 A.2d 1181, 1184 (1997).

The defendants first assert that the plaintiff has not set forth a viable cause of action against them for wrongful death and survival. They argue that the plaintiff should not be able to recover for the decedent's suicide since they had no duty to prevent it, as it was not foreseeable.

"Whether a defendant owes a duty of care to a plaintiff is a question of law." *Kleinknecht v. Gettysburg College,* 989 F.2d 1360, 1366 (3d Cir. 1993). "It has long been hornbook law that a duty arises only when one engages in conduct which foreseeably creates an unreasonable risk of harm to others." *Amarhanov v. Fassel,* 442 Pa. Super. 111, 115, 658 A.2d 808, 810 (1995). "[B]ecause a tort-feasor must take the victim as he finds him, the tort-feasor is liable for the full extent of the victim's injuries. Thus, a tort-feasor remains responsible for the victim's injuries, even if the victim's particular sensibility resulted in more harm than the tort-feasor

could have foreseen." *Lebesco v. SEPTA,* 251 Pa. Super. 415, 423 n.2, 380 A.2d 848, 852 n.2 (1977). (citations omitted) Where a tort-feasor's conduct is a substantial factor in bringing harm to an individual, the fact that the tort-feasor neither foresaw, nor should have foreseen, the extent of the harm or even the manner in which it occurred does not necessarily prevent him from being liable. *Trude v. Martin,* 442 Pa. Super. 614, 628, 660 A.2d 626, 633 (1995); *Ford v. Jeffries,* 474 Pa. 588, 595, 379 A.2d 111, 114 (1977).

As a general rule, suicide is not considered to be a legitimate basis for recovery in wrongful death cases in Pennsylvania. *McPeake v. Cannon,* 381 Pa. Super. 227, 553 A.2d 439 (1989). This rule does recognize certain exceptions not necessarily applicable here. *Id.*

This court's research does not reveal any Pennsylvania cases addressing whether there is a cause of action against a tort-feasor from the suicide of a party from negligently inflicted personal injuries. This instant matter, therefore, appears to be a case of first impression.

The plaintiff urges this court to follow the line of cases from other jurisdictions which permit recovery for suicide arising out of negligently inflicted injuries. See *Porter v. Murphy,* 792 A.2d 1009 (Del. Super. 2001); *Best Homes Inc. v. Rainwater,* 714 N.E.2d 702 (Ind. Ct. App. 1999); *Tate v. Canonica,* 180 Cal. App. 2d 898, 5 Cal. Rptr. 28 (Cal. Ct. App. 1960).

These jurisdictions have recognized that where a negligent wrong resulted in suicide induced by mental illness which is so severe that a person cannot control his conduct, the suicide may not be considered an intervening cause so as to preclude recovery.

Our review of the Delaware Superior Court case of *Porter, supra,* indicates that its facts are substantially similar to those presented herein. In *Porter,* the decedent was struck from behind while operating his car, which was stopped at an intersection. The injuries he sustained in the accident ultimately lead to his depression and resulted in his suicide. This case of first impression in Delaware discussed the standard of proximate cause applicable in wrongful death actions predicated upon a negligently inflicted injury followed by suicide. The Delaware Superior Court rejected the view that suicide is always an independent intervening act, relieving a tortfeasor of liability. It found that this approach was too restrictive. *Supra* at 1015. The *Porter* court adopted the reasoning in *Tate, supra,* wherein the California Court of Appeals held that:

"[W]here the negligent wrong only causes a mental condition in which the injured person is able to realize the nature of the act of suicide and has the power to control it if he so desires, the act then becomes an intervening force and the wrongdoer cannot be held liable for the death. On the other hand, if the negligent wrong causes mental illness which results in an uncontrollable impulse to commit suicide, then the wrongdoer may be held liable for the death." *Tate* at 915, 5 Cal. Rptr. at 40.

This reasoning has been met with approval and consequently adopted in other jurisdictions. See *Estate of Ko by Hill v. Sears Roebuck & Co.,* 982 F. Supp. 471 (E.D. Mich. 1997); *Orcutt v. Spokane County,* 58 Wash. 2d 846, 364 P.2d 1102 (1961).

We note that the instant action is distinguishable from the facts presented in *McPeake, supra.* The *McPeake*

court found that it would be inappropriate to impose liability upon an attorney for a client's suicide, which allegedly occurred from his negligent representation, since to do so would expose an attorney to litigation. The court believed that this could result in a chilling effect on our legal system. *McPeake* held that, as a matter of public policy, if attorneys were exposed to the possibility of suit by unstable criminal defendants this would discourage them from representing such defendants.

In *Porter,* the Delaware Superior Court found that the view that suicide is always an independent intervening act relieving a tort-feasor of liability is too restrictive. We concur. This court believes that in circumstances such as presented herein, a jury should be given an opportunity to determine whether the defendants' actions were the proximate cause of the decedent's suicide. The defendants' demurrer is, therefore, denied.

Finally, since the plaintiff has agreed to withdraw paragraph 12(m) of the amended complaint, this court need not address the defendants' request to strike this paragraph. An appropriate order follows.

## ORDER

Now, May 19, 2005, it is hereby ordered and decreed that the defendants' preliminary objection in the nature of a demurrer is denied. It is further ordered that paragraph 12(m) of the first amended complaint is stricken. The defendant is allowed 20 days from the date of this order to file an answer to the amended complaint.